NORMAN, Appellant,

v.

HONEYWELL, INC., Appellee.

[Cite as *Norman v. Honeywell, Inc.* (1995), 105 Ohio App.3d 658.]

Court of Appeals of Ohio,
Second District, Montgomery County.

No. 14965.

Decided Nov. 3, 1995.

*Philip B. Herron,* for appellant.

*Randolph J. Bernard,* for appellee.

---

GRADY, Judge.

This is an appeal from a summary judgment dismissing an action for age discrimination.

Plaintiff Patricia A. Norman was hired by defendant Honeywell, Inc., on December 4, 1989, as a customer service representative. She served in that position until September 8, 1992, when she was replaced by Billie Parsons, who had held the position previously. Norman then commenced this action against her employer pursuant to R.C. 4101.17(A) (now R.C. 4112.14[A] ), which provides:

"(A) No employer shall discriminate in any job opening against any applicant or discharge without just cause any employee aged forty or older who is physically able to perform the duties and otherwise meets the established requirements of the job and laws pertaining to the relationship between employer and employee."

After the initial pleadings were filed, Honeywell, Inc. moved for summary judgment. The motion was heard by a referee, who recommended dismissal of the action. Norman filed objections. The trial court overruled the objections and adopted the report and recommendations. Norman filed a timely notice of appeal. She now presents a single assignment of error, which states:

"The trial court erred to the substantial prejudice of the appellant by granting appellee's motion for summary judgment."

As with most summary judgments appealed to this court, the issue presented is whether, in response to Honeywell's motion for summary judgment, Norman met her burden under Civ.R. 56(C) to make a showing sufficient to establish the existence of an element essential to her case and on which she would bear the burden of proof at trial. *Celotex Corp. v. Catrett* (1986), 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265. If she failed to meet that burden, the court was required to grant the summary judgment. *Wing v. Anchor Media, Ltd. of Texas* (1991), 59 Ohio St.3d 108, 570 N.E.2d 1095.

"1. In order to establish a prima facie case of age discrimination, violative of R.C. 4101.17, in an employment discharge action, plaintiff-employee must demonstrate (1) that he was a member of the statutorily-protected class, (2) that he was discharged, (3) that he was qualified for the position, and (4) that he was replaced by, or that his discharge permitted the retention of, a person not belonging to the protected class. Defendant-employer may then overcome the presumption inherent in the prima facie case by propounding a legitimate, nondiscriminatory reason for plaintiff's discharge. Finally, plaintiff must be allowed to show that the rationale set forth by defendant was only a pretext for unlawful discrimination.

"2. Within the context of R.C. 4101.17, 'just cause' for discharge is established if plaintiff was terminated for reasons other than those explicitly prohibited by the statute." *Barker v. Scovill, Inc.* (1983), 6 Ohio St.3d 146, 6 OBR 202, 451 N.E.2d 807, syllabus.

The referee found that Norman was a member of the protected class, that she had been discharged, and that she had been replaced by a person not in the protected class. These findings are not disputed. Norman does dispute the referee's finding that she failed to present proof sufficient to demonstrate that she was qualified for the position concerned.

Honeywell's motion for summary judgment was supported by the affidavit of Arthur Yuan, its Dayton Branch Manager. Yuan stated that economic considerations had required Honeywell to consolidate Norman's position, that of a dispatcher, with another position to create a new position, Technical Dispatcher. Yuan further stated:

"6. Although the Technical Dispatcher position did entail some of the same functions as the prior dispatcher position, an individual performing the new job was required to perform additional duties, which included providing interim technical solutions over the telephone to the customer until the appropriate technical staff could arrive at the customer site; discuss the problem and possible solutions with the assigned technician; and dispatch the appropriate technicians/fitter(s) to the customer site.

"7. At the time when Plaintiff was laid off, it was determined that Billie Parsons was better qualified for the new position since Parsons had more expertise and technical knowledge required by the new position."

Norman did not dispute Yuan's claim that the new position involved tasks she was not able to perform. Indeed, she admitted that she is unfamiliar with some of the tasks the new position involves. Norman contended, instead, that she is as qualified as Parsons to hold this new position, and she questioned how Honeywell could believe that she is not because she and Parsons have similar experience and backgrounds at Honeywell. Norman asserted that Honeywell could have trained her for the new position, and she attributed her termination to Parsons's ambition to have her former job back.

Whether a plaintiff is qualified for a position, as required by the rule of *Barker v. Scovill, Inc., supra,* is determined by measuring the plaintiff's training and experience against the requirements of the position. Norman concedes that she cannot meet some of those requirements. That, in Norman's opinion, she is as qualified for the position as the person who her employer placed in it does not demonstrate that Norman is qualified for the position. So long as Norman is not qualified to hold the position, Honeywell is entitled to replace her with another person who, in its judgment, is better qualified to perform it. That Honeywell is mistaken in that judgment, and/or that Billie Parsons caused Honeywell to arrive at its decision, as Norman believes, does not present an age discriminatory basis for Honeywell's action prohibited by R.C. 4101.17.

In order to meet her burden under Civ.R. 56(C), a party against whom a motion for summary judgment is made must demonstrate the existence of a genuine issue of material fact. That demonstration requires proof which, if believed, is sufficient to convince a reasonable mind that the party has borne the burden of proof on that issue required of the party at trial. Affidavits and statements in them that are wholly conclusory and which do not address issues of fact determinative of the legal issues involved are generally insufficient to meet that burden. See *Crosswhite v. Desai* (1989), 64 Ohio App.3d 170, 580 N.E.2d 1119.

Evaluating Norman's opinion that she was as able as the person who replaced her to perform the requirements of the position concerned, the trial court found it insufficient as a matter of law to meet the requirements of Civ.R. 56 with respect to whether Norman was, in fact, qualified for the position. It was Norman's burden to prove that matter at trial. We find no error in the trial court's determination. The assignment of error is overruled.

The judgment of the trial court will be affirmed.

*Judgment affirmed.*

BROGAN, P.J., concurs.

FAIN, J., concurs in judgment only.

FAIN, Judge, concurring in the judgment.

Although I concur in the judgment, my reasoning is somewhat different. If Norman had submitted a sufficient evidentiary basis for finding that she was as qualified for the new position as the person hired, I would vote to reverse the summary judgment rendered against her. It seems to me that when an employer hires someone else who is no more qualified for a position than the alleged victim of discrimination, it creates an inference, at least, that the person allegedly discriminated against was, in fact, qualified to perform the duties of the position. Otherwise, it would presumably not have hired someone who was not better qualified. Although Norman has admitted that she is not qualified for the position as it has been redefined on paper, the fact that Honeywell has hired someone no better qualified, if that fact could be established, would support an inference that the alleged qualification is not real; otherwise, Honeywell would not have hired someone without the qualification.

In the case before us, Norman's affidavit was both conclusory and wide of the mark. She averred merely that she was as qualified as the person hired to perform the functions "that she [had] previously performed." This does not address the question of whether she was as qualified to perform the functions of the restructured position. Although she opined in her affidavit that the job had not changed, this was her conclusory opinion, and it failed to rebut Arthur Yuan's specific averments concerning the additional duties required for the new position. For that reason, I join in affirming the summary judgment rendered in Honeywell's favor.