OPINION
Plaintiff-appellant, Arthur I. Gans, appeals the decision of the Franklin County Municipal Court granting summary judgment in favor of defendant-appellee, Express-Med, Inc.
Appellant was hired by Nick Henderson, appellee's former Chief Financial Officer, and began working for appellee on August 24, 1998. Immediately after he started working for appellee, appellant was allowed to use vacation and personal time. As noted by both parties, this arrangement was a modification of appellee's policy that generally required its employees to wait one year to use vacation time and ninety days to use personal time. Subsequently, appellant terminated his employment with appellee on June 18, 1999, and demanded payment for unused personal and vacation time. Appellant claimed that, when appellee gave him immediate access to his vacation and personal time, the company also modified its policy to compensate appellant for unused time. However, appellee denied modifying its policy on paying unused personal or vacation time. Under appellee's policy, an employee is not paid for unused vacation time; as well, an employee is not paid for unused personal time if employment is terminated before his or her anniversary date. Thus, appellee did not pay appellant for unused personal or vacation time.
Thereafter, appellant sought payment for his unused personal and vacation time by filing a complaint alleging breach of contract and an amended complaint alleging promissory estoppel. In response, appellee filed separate motions for summary judgment on appellant's claims, and the trial court granted the motions.
Appellant appeals, raising two assignments of error:
 1. The trial court erred in holding that no genuine issue of material fact existed precluding Express-Med summary judgment with regard to plaintiff-appellant's promissory claim.
 2. The trial court erred in holding that no genuine issue of material fact existed precluding Express-Med summary judgment with regard to plaintiff-appellant's breach of contract claim.
We will address appellant's two assignments of error together as they concern similar issues. In his two assignments of error, appellant asserts that the trial court erred in granting summary judgment in favor of appellee because a genuine issue of material fact remains as to whether appellant was offered, or at a minimum promised, unconditional payment of unused vacation and personal time. We disagree.
We review a trial court's grant of summary judgment independently and without deference to the trial court's determination. Sadinsky v. EBCOMfg. Co. (1999), 134 Ohio App.3d 54, 58. Before summary judgment can be granted under Civ.R. 56(C), it must be determined that:
 * * * (1) [N]o genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made. * * * [State ex. rel. Parsons v. Fleming (1994), 68 Ohio St.3d 509, 511, citing Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317, 327.]
The moving party bears the initial burden of pointing out evidence that demonstrates no genuine issue of material fact exists on an essential element of the opponent's case. Dresher v. Burt (1996), 75 Ohio St.3d 280,292. Once the moving party meets this burden, the non-moving party must set forth specific facts showing that there is a genuine issue of material fact to be litigated. Civ.R. 56(E); Burt, at 293.
Here, appellee has produced evidence indicating that it did not modify its policy for appellant regarding the payment of unused vacation and personal time. As an example, appellee produces an affidavit from its Chief Executive Officer, Alan Rudy, asserting, "[n]o employees with authority to do so ever made representations to [Appellant] that he would be entitled to payment for unused personal and vacation time subsequent to his termination."
Appellant attempts to defeat summary judgment through an affidavit indicating:
 Mr. Henderson informed me that I would be eligible for a bonus at [Appellee's company] and he promised me that I would be immediately entitled to vacation benefits and personal leave benefits without being subject to the company's policy of requiring a year of employment as a prerequisite for these benefits.
However, this statement does not support appellant's allegation that he was offered or promised unconditional payments on unused vacation and personal time; rather, the statement verifies that appellee agreed to modify its policy as to appellant so that he could immediately use vacation and personal time. As noted by both parties, appellee kept this promise by allowing appellant to take time off immediately after he began working for appellee.
Furthermore, appellant has not established an issue of fact through his statement, "[t]hese benefits were not only for time off from work but that I would be entitled to payment for them if they went unused." This comment merely restates appellant's assertions in his pleadings and only serves to provide his inadmissible opinion on the ultimate issue in this case. To defeat summary judgment, the non-movant must produce evidence beyond allegations set forth in the pleadings and beyond conclusory statements in an affidavit. See Harless v. Willis Day Warehousing Co.
(1978), 54 Ohio St.2d 64, 66; Norman v. Honeywell, Inc. (1995),105 Ohio App.3d 658, 661. Here, appellant failed to provide the necessary evidence beyond his conclusory assertion that he was promised unconditional payment of unused vacation and personal time. Appellant neither attributes the above statement to anyone associated with appellee, including Henderson, nor provides documentation in support of the bare assertion. Therefore, the record is void of any evidence raising an issue of fact on whether appellant was offered, or at a minimum promised, unconditional payment on unused vacation or personal time.
Accordingly, we conclude that the trial court did not err in granting summary judgment in favor of appellee. As such, we overrule appellant's two assignments of error and affirm the judgment of the trial court.
LAZARUS and BROWN, JJ., concur.
 _____________ KENNEDY, J.