**BAXTER, Appellees,**

v.

**KENDRICK, d.b.a. August LaRose Timber Frames, Appellees.**

[Cite as *Baxter v. Kendrick,* 160 Ohio App.3d 204, 2005-Ohio-1477.]

Court of Appeals of Ohio,
Fifth District, Ashland County.

No. 2004–COA–082.

Decided March 25, 2005.

Jeffrey D. Musselman, for appellee.

Mel L. Lute Jr., for appellant.

---

G<small>WIN</small>, Presiding Judge.

{¶ 1} Defendant Lawrence Kendrick, d.b.a. August LaRose Timber Frames, appeals a summary judgment of the Court of Common Pleas of Ashland County, Ohio, entered in favor of plaintiffs, John and Sonia Baxter, on their complaint for breach of contract, breach of express warranty, breach of implied warranty, negligence, fraudulent misrepresentation, and violation of the Ohio Consumer Sales Practices Act. Appellant assigns two errors to the trial court:

{¶ 2} "I. The trial court erred in granting the appellees' motion for summary judgment.

{¶ 3} "II. The trial court erred in granting the plaintiffs' summary judgment on damages."

{¶ 4} Appellant's Loc.R. 9(A) statement on summary judgment appeals urges that there are genuine issues of material fact, and the trial court considered improper evidence in making its determination.

{¶ 5} The transaction that gave rise to this action is a contract between the parties for purchase of certain real estate in Ashland County, Ohio, and the construction of a single family dwelling on the lot. Appellees paid appellant the sum of $227,703 plus additional overages of $36,833. Appellees took possession of the home upon completion and occupied the residence, but brought suit over what appellees charged were numerous problems with the home. Among the defects appellees claimed were that the home was not constructed using timber frame construction methods; appellant never hired an architect to draw building plans; the home did not contain a finished room above the garage; and various flaws in the construction resulting in leaking ceilings, cracked drywall, and open spaces between the drywall and the beams.

{¶ 6} In discovery, appellees served appellant with interrogatories and requests for admissions. Appellant was acting pro se at the time and argues that he did not fully appreciate his responsibility to respond to the request for admissions within 28 days of submission. Appellant concedes that he did not respond in a timely fashion to the requests for admission, but urges that even if those requests are deemed admitted, there still remain issues of fact.

{¶ 7} Civ.R. 56(C) states:

{¶ 8} "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages."

{¶ 9} A trial court should not enter summary judgment if it appears a material fact is genuinely disputed, nor if, construing the allegations most favorably towards the nonmoving party, reasonable minds could draw different conclusions from the undisputed facts. *Hounshell v. Am. States Ins. Co.* (1981), 67 Ohio St.2d 427, 433, 21 O.O.3d 267, 424 N.E.2d 311. A trial court may not resolve ambiguities in the evidence presented. *Inland Refuse Transfer Co. v. Browning–*

*Ferris Industries of Ohio, Inc.* (1984), 15 Ohio St.3d 321, 15 OBR 448, 474 N.E.2d 271. A reviewing court applies the same standard to the issues as the trial court. *Smiddy v. The Wedding Party, Inc.* (1987), 30 Ohio St.3d 35, 30 OBR 78, 506 N.E.2d 212.

## I

■ {¶ 10} Appellant argues that the building contract in this case sets forth very general terms regarding the costs and the construction of the house. Appellant urges that the manner and method of construction is not stated in the contract, nor is any mention of a room above the garage, the size of the garage, or any other matters regarding the construction of the home. Appellant maintains that the evidence is insufficient to establish the elements of the contract.

{¶ 11} Pursuant to Civ.R. 36(A), because appellant did not respond to the request for admissions, they were deemed admitted. Thus, appellant admitted that a copy of the contract attached to the complaint was accurate.

{¶ 12} Request for Admission 3 stated that the home was to be built using the timber frame manner of construction. Request 7 concedes that the home was not built using the timber frame method. Request for Admission 10 states that the home was built using a stick built method.

{¶ 13} Request for Admission 4 stated that the parties had agreed appellant would hire an architect to draw plans for the home. Request for Admission 8 stated that appellant did not hire an architect.

{¶ 14} Request for Admission 5 stipulated that the parties agreed there would be a room constructed over the garage. Request for Admission 9 states that appellant did not construct a room above the garage.

{¶ 15} Appellant did not reply to any of the requests for admission.

{¶ 16} We find that contrary to appellant's assertions, the contract appellees attached to the complaint and the judicial admissions are sufficient to establish the terms of the contract and demonstrate the breach.

■ {¶ 17} Regarding the fraudulent misrepresentation and violation of Ohio's Consumer Sales Practice Act alleged by appellees in their complaint, the trial court's judgment entry granted summary judgment on all counts, but awarded damages only on the breach of contract. Neither party addressed this issue on appeal. We find that although the record does not contain evidence supporting fraudulent misrepresentation or violation of the Ohio Consumer Sales Practices Act, appellant was not prejudiced because the trial court did not assess any damages pursuant to those counts.

{¶ 18} Finally, appellant argues that the trial court relied on evidence improperly before it. Specifically, appellant challenges the admission of certain expert reports.

{¶ 19} Civ.R. 56(E) directs that an affidavit must be made on personal knowledge, set forth such facts as would be admissible in evidence, and show affirmatively that the affiant is competent to testify as to the matter stated in the affidavit. In *Oster v. Crais* (Dec. 31, 2001), Licking App. No. 01CA39, 2001 WL 1673608, this court found that an affidavit must present the evidence from which the expert draws his or her conclusion. In *Norman v. Honeywell, Inc.* (1995), 105 Ohio App.3d 658, 664 N.E.2d 1017, the Court of Appeals for Montgomery County held that affidavits or statements in them that are wholly conclusory and do not address issues of fact determinative of the legal issues involved are insufficient under Civ.R. 56.

{¶ 20} In the case before us, three reports from experts were attached to an affidavit sworn to by appellees' counsel, attesting that the exhibits are true and accurate copies of the reports. None of the reports are sworn to by the person who wrote them, and they did not recite all the evidence the person reviewed or set forth the qualifications of the expert.

{¶ 21} We agree with appellant that these documents do not meet the requirements of the Civil Rules. However, when a matter is submitted to the bench, we must presume that the court considers only relevant, competent, and admissible evidence in its deliberations. See, e.g., *State v. Davis* (1992), 63 Ohio St.3d 44, 584 N.E.2d 1192. Furthermore, as appellees point out, appellant did not object to the submission of these documents. Finally, we find that the record contains sufficient evidence apart from the improper affidavits from which the trial court could determine the terms of the contract and the breach.

{¶ 22} Based upon the foregoing, we find that the trial court correctly determined the issue of liability. The first assignment of error is overruled.

## II

{¶ 23} In his second assignment of error, appellant challenges the trial court's determination of damages. Appellant moved the court for a hearing on the issue of damages, but the court overruled the motion and awarded appellee $264,536, plus court costs, which is exactly the purchase price of home and lot. Appellees' complaint did not seek to rescind the purchase, but argued that completion or repair of the work for which they contracted would exceed $200,000, and this is the relief prayed for.

{¶ 24} The proper measure of damages here is the amount needed to repair the home and make it conform to the parties' contract. The goal is to

place the aggrieved party in the position he or she would have been had the breach not occurred. See *Peterman v. Dimoski,* Hamilton App. No. C–020116, 2002-Ohio-7337, 2002 WL 31894859; *Heckman v. Porter,* Stark App. Nos. 2002CA00380 and 2002CA00381, 2003-Ohio-3135, 2003 WL 21384859. A party may not recover the full purchase price unless he rescinds the purchase. *Kildow v. Home Town Improvements,* Muskingum App. No. 20020–0039, 2003-Ohio-733, 2003 WL 356864; *Paradise Homes v. Limbacher,* Tuscarawas App. No. 2004–AP–0037, 2005-Ohio-745, 2005 WL 427996.

{¶ 25} We have reviewed the record, and we find that there was no evidence presented to the trial court regarding the amount of damages appellees suffered as a result of the breach. We conclude that the trial court improperly entered summary judgment on the issue of damages.

{¶ 26} The second assignment of error is sustained.

{¶ 27} For the foregoing reasons, the judgment of the Court of Common Pleas of Ashland County, Ohio, is affirmed in part and reversed in part, and the cause is remanded to that court for further proceedings in accord with law and consistent with this opinion.

Judgment accordingly.

FARMER and WISE, JJ., concur.