OPINION
{¶ 1} Appellant Sarah A. Miller appeals her divorce in the Coshocton County Court of Common Pleas. Appellee Thomas O. Miller is appellant's former spouse. The relevant procedural facts leading to this appeal are as follows.
 {¶ 2} The parties were married in Coshocton, Ohio, on July 3, 1982. Two children were born of the marriage, only one of whom remained unemancipated at the time of the final decree. On August 5, 2004, appellee filed a complaint for divorce. Appellant answered and filed a counterclaim on August 17, 2004. The matter proceeded to a trial before a magistrate on April 1, 2005. Both parties acknowledged incompatibility as alleged in appellee's complaint. The magistrate issued a decision on September 16, 2005, ordering, inter alia, that appellee pay appellant spousal support of $400.00 per month for 135 months.
 {¶ 3} On January 3, 2006, appellant filed objections to the magistrate's decision. Appellee filed his response to the objections to the magistrate's decision on January 13, 2006. On February 28, 2006, the trial court issued a judgment entry adopting the magistrate's decision in part, and correcting it in part, (solely as to a math error in dividing an IRA account). On March 30, 2006, appellant filed a notice of appeal. She herein raises the following two Assignments of Error:
 {¶ 4} "I. THE TRIAL COURT COMMITTED PREJUDICIAL ERROR WITH ITS ABUSE OF DISCRETION BY FAILING TO ADOPT AS FACTS PROPOSED FINDINGS OF FACT NOS. (5-7) SUBMITTED BY APPELLANT.
 {¶ 5} "II. THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY ABUSING ITS DESCRETION (SIC) IN AWARDING APPELLANT $400.00 PER MONTH AS AND FOR SPOUSAL SUPPORT.
 I. {¶ 6} In her First Assignment of Error, appellant argues the trial court committed prejudicial error by failing to adopt paragraphs 5, 6, and 7 of her proposed findings of fact. We disagree.
 {¶ 7} A trial court retains inherent authority to request sua sponte that the parties submit proposed findings of fact and conclusions of law. Roediger Const., Inc. v. Waslyk (April 17, 1997), Cuyahoga App. Nos. 70839, 70844, citing Biehl v. Biehl (June 25, 1996), Washington App. No. 95CA14, f.n. 1. When a matter is submitted to the bench, we must presume that the court considers only relevant, competent, and admissible evidence in its deliberations. Baxter v. Kendrick, 160 Ohio App.3d 204,208, 826 N.E.2d 860, 2005-Ohio-1477, citing State v. Davis (1992),63 Ohio St.3d 44, 584 N.E.2d 1192. In the case sub judice, the proposed findings at issue are set forth as follows:
 {¶ 8} "(5) The Husband throughout the marriage has exhibited violent behavior with outrageous screaming and yelling. In one of the episodes, he cleared off a kitchen countertop with his arm, shoving the items on the counter onto the floor. He took a bag of potato chips and crushed it, scattering the chips all over the floor. In July of 2003, he beat the dog and threatened to beat the `shit' out of the Wife. He has been diagnosed with depression and sought counseling at Six County, Inc. The Husband admitted that he has had suicidal thoughts in the past, blaming it on being trapped in the marital relationship. The Husband, a 20 year member of the Eagles, met [a female acquaintance] in July of 2004 and has struck up a relationship with her. She has spent the night at the marital home with him. Although he and [the acquaintance] deny having sex with each other, [the parties' emancipated daughter] found three `sex toys' in the marital bedroom, namely, two dildos and a vibrator.
 {¶ 9} "(6) The Husband accused [the parties' son] of stealing gasoline money and took the GEO Tracker from him in the fall of 2003. [The son] for two months was without a car and had to rely upon friends to get him to and from school and his various extracurricular activities The Mother eventually purchased with her Discover card a 1998 Cirrus for him.
 {¶ 10} "(7) The Husband helped [the parties' emancipated daughter] with her college expenses her freshman year. Due to an argument with her, he then stopped helping her with those expenses and refuses to pay anything for her at this time." Wife's Proposed Findings of Fact and Conclusions of Law, May 23, 2005.
 {¶ 11} Appellant first presently contends that proposed finding #5 is relevant for a determination of the grounds for divorce, as well as for consideration in the "catch-all" factor for spousal support, R.C.3105.18(C)(1)(n), infra. However, as noted in our recitation of facts, neither party disputed the grounds of incompatibility at trial. Furthermore, in regard to the relevance of finding #5 as to spousal support, we have consistently recognized that a trial court's decision not to acknowledge all evidence relative to each and every factor listed in R.C. 3105.18(C)(1) does not necessarily mean the evidence was not considered. Barron v. Barron, Stark App. No. 2002CA00239, 2003-Ohio-649.
 {¶ 12} Appellant next urges that proposed findings #6 and #7 are relevant to the issue of marital property division, and that the absence of these findings resulted in prejudicial error. A prejudicial error is defined as one which affects or presumptively affects the final results of the trial. Linden v. Cooper Hall (Dec. 21, 1984), Ottawa App. No. OT-84-11 (citations omitted). Upon review of the record in this matter, we find appellant fails to draw a sufficient nexus between proposed findings #6 and #7 and the outcome of the equal property division in this case.
 {¶ 13} Accordingly, we are unpersuaded that the trial court's decision not to incorporate appellant's proposed findings of fact, numbers five through seven, constituted prejudicial error. Appellant's First Assignment of Error is overruled.
 II. {¶ 14} In her Second Assignment of Error, appellant contends the trial court abused its discretion in its award of spousal support ordered to be paid by appellee. We agree.
 {¶ 15} A trial court's decision concerning spousal support may only be altered if it constitutes an abuse of discretion. Kunkle v. Kunkle
(1990), 51 Ohio St.3d 64, 67, 554 N.E.2d 83. An abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 450 N.E.2d 1140. R.C.3105.18(C)(1)(a) thru (n), infra, provides the factors that a trial court is to review in determining whether spousal support is appropriate and reasonable and in determining the nature, amount, terms of payment, and duration of spousal support:
 {¶ 16} "(C)(1) In determining whether spousal support is appropriate and reasonable, and in determining the nature, amount, and terms of payment, and duration of spousal support, which is payable either in gross or in installments, the court shall consider all of the following factors:
 {¶ 17} "(a) The income of the parties, from all sources, including, but not limited to, income derived from property divided, disbursed, or distributed under section 3105.171 of the Revised Code; (b) The relative earning abilities of the parties; (c) The ages and the physical, mental, and emotional conditions of the parties; (d) The retirement benefits of the parties; (e) The duration of the marriage; (f) The extent to which it would be inappropriate for a party, because that party will be custodian of a minor child of the marriage, to seek employment outside the home; (g) The standard of living of the parties established during the marriage; (h) The relative extent of education of the parties; (i) The relative assets and liabilities of the parties, including but not limited to any court-ordered payments by the parties; (j) The contribution of each party to the education, training, or earning ability of the other party, including, but not limited to, any party's contribution to the acquisition of a professional degree of the other party; (k) The time and expense necessary for the spouse who is seeking spousal support to acquire education, training, or job experience so that the spouse will be qualified to obtain appropriate employment, provided the education, training, or job experience, and employment is, in fact, sought; (l) The tax consequences, for each party, of an award of spousal support; (m) The lost income production capacity of either party that resulted from that party's marital responsibilities; (n) Any other factor that the court expressly finds to be relevant and equitable."
 {¶ 18} Appellant in part raises a battery of concerns related to bankruptcy, tax, and probate law. Upon review, we agree with appellee that none of these arguments supports appellant's contention that the award of spousal support was improper. Appellant more importantly claims the court improperly commingled its marital property and spousal support analyses. Particularly, paragraph 22 of the court's conclusions of law states as follows:
 {¶ 19} "(22) As and for spousal support, it is ordered that Husband shall pay to Wife, through the Coshocton County Child Support Enforcement Agency (CSEA), the sum of $400.00 per month, together with 2% processing charge thereon, for a period of one hundred thirty-five (135) months, commencing upon the filing of the Judgment Entry in this matter. Until such time as said Judgment Entry is filed, the temporary spousal support order previously issued by this court shall remain in full force and effect. This obligation shall terminate upon the death of either party or if Wife remarries or cohabitates with an unrelated person of the opposite sex. The within award is made in consideration ofHusband continuing to pay and satisfy the debts incurred to purchase theWife's home ($60,000.00) and automobile ($27,000.00). The court specifically retains jurisdiction to modify the spousal support award." Magistrate's Decision at 24. (Emphasis added).
 {¶ 20} R.C. 3105.171(C)(3) mandates that "[t]he court shall provide for an equitable division of marital property under this section prior to making any award of spousal support to either spouse under section3105.18 of the Revised Code and without regard to any spousal support so awarded." See, also, Jendrusik v. Jendrusik, Belmont App. No. 00BA54, 2001-Ohio-3377; R.C. 3105.18(B). Thus, "[b]y expressly stating that a trial court must divide the marital property `without regard' to the award of spousal support, the General Assembly clearly intended to stop a trial court from combining the two awards." Spurlock v. Spurlock (Dec. 15, 1995), Ashtabula App. No. 94-A-0026, citing Krisher v. Krisher
(1992), 82 Ohio App.3d 159. Although the trial court, in earlier portions of the decision, engaged in a thorough consideration of the statutory spousal support factors, we find the above-italicized language of paragraph 22 unreasonably conditioned spousal support on appellee's debt responsibilities, and was violative of the legislative intent expressed in R.C. 3105.171(C)(3) and 3105.18(B), thus constituting an abuse of discretion. We will thus remand the issue of spousal support for reconsideration by the trial court.
 {¶ 21} Appellant's Second Assignment of Error is sustained.
 {¶ 22} For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Coshocton County, Ohio, is hereby affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion.
Wise, P. J., Farmer, J., and Boggins, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Coshocton County, Ohio, is affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion.
Costs to be split evenly between appellant and appellee.