DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Nancy Stewart, appeals from a judgment of the Summit County Court of Common Pleas, Juvenile Division, that placed her minor grandchildren in the permanent custody of Summit County Children Services Board ("CSB"). We affirm.
 {¶ 2} Stewart is the maternal grandmother of A.P., born November 6, 2004, and K.P., born December 20, 2005. This case began on February 25, 2005, prior to the birth of K.P., when A.P. was an infant. A.P. was removed from his parents' home due to allegations of physical abuse after he was taken to the *Page 2 
hospital with a fractured leg. The juvenile court later adjudicated A.P. an abused and dependent child.
 {¶ 3} Shortly after the birth of K.P., A.P. was returned to his parents' home under an order of protective supervision. Approximately one month later, however, both children were removed from the home by Akron Police after K.P. was taken to the hospital with fractures to both legs and a possible fracture to the rib. K.P. was later adjudicated an abused child.
 {¶ 4} On March 2, 2006, Stewart moved to intervene in the case. According to the record, Stewart withdrew her motion sometime before a July 3, 2006 dispositional order of the magistrate. On August 21, 2006, CSB filed a motion for permanent custody of both children. On December 5, 2006, Stewart filed a new motion to intervene and for legal custody of both children. On March 21, 2007, the trial court held a status hearing, during which it addressed Stewart's motion to intervene.
 {¶ 5} On March 27, 2007, the day set for the permanent custody trial, both parents voluntarily relinquished their parental rights. After questioning the parents about whether their relinquishment of parental rights was made voluntarily, knowingly, and intelligently, the trial judge accepted their voluntary surrender. In a judgment filed March 30, 2007, the trial court denied Stewart's motion to intervene and placed the children in the permanent custody of CSB. *Page 3 
 {¶ 6} Stewart appeals and raises two assignments of error, which will be combined for ease of review.
 ASSIGNMENT OF ERROR I "THE TRIAL COURT ERRED WHEN IT DENIED [STEWART'S] MOTION TO INTERVENE BECAUSE [STEWART] STOOD IN LOCO PARENTIS AND/OR EXERCISED SIGNIFICANT PARENTAL CONTROL OVER A.P. AND K.P. ."
 ASSIGNMENT OF ERROR II "THE TRIAL COURT ERRED BY GRANTING PERMANENT CUSTODY OF A.P. AND K.P. [TO] CSB RATHER THAN [TO] THE CHILDREN'S MATERNAL GRANDMOTHER, [STEWART]"
 {¶ 7} Stewart challenges the trial court's denial of her motion to intervene in this action as well as the trial court's permanent custody judgment. Because the discussion of these two issues necessarily overlaps, we will address the assignments of error jointly.
 {¶ 8} The trial court may allow a grandparent to intervene in a permanent custody case where the grandparent has "a legal right to or a legally protectable interest in custody or visitation with [her] grandchild," where the grandparent has "stood in loco parentis" to the grandchild, or where the grandparent "ha[s] exercised significant parental control over, or assumed parental duties for the benefit of," the grandchild. In re Schmidt (1986), 25 Ohio St.3d 331, 338
(Celebreeze, C.J., concurring). An order denying a motion to intervene will be *Page 4 
reversed only upon a showing that the trial court abused its discretion.In re M.S., 9th Dist. No. 22158, 2005-Ohio-10, at ¶ 30.
 {¶ 9} Although Stewart maintains that the trial court abused its discretion by denying her motion to intervene, this Court is unable to review the propriety of the trial court's decision because Stewart has failed to provide an adequate record on appeal. The trial court held a status hearing on Stewart's motion to intervene on March 21, 2007. According to Stewart, a transcript of the status hearing cannot be prepared because there is no available recording of the proceeding.[1]
 {¶ 10} Assuming that Stewart's representation is true, the unavailability of a transcript of the status hearing does not relieve her of her obligation to provide the appellate court with an adequate record to review her assignments of error. See Knapp v. EdwardsLaboratories (1980), 61 Ohio St.2d 197, 199. Although Stewart attempted to supplement the record with transcripts of other hearings, those transcripts would not reveal what transpired at the March 21 hearing. To correct the deficiency in the trial court record, Stewart should have prepared a statement of the evidence pursuant to App.R. 9(C) or an agreed statement pursuant to App.R. 9(D). See id. Because we have no record of what transpired at the *Page 5 
hearing on the motion to intervene, we must presume propriety in the trial court's decision to deny the motion.
 {¶ 11} Moreover, even if Stewart could demonstrate that the trial court abused its discretion by denying her motion to intervene, she must demonstrate not only that the trial court abused its discretion, but also that the error was prejudicial to her rights. See Morris v. Invest.Life Ins. Co. (1966), 6 Ohio St.2d 185, 190; In re Goff, 11th Dist. No. 2003-P-0068, 2003-Ohio-6087, at ¶ 21. "A prejudicial error is defined as one which affects or presumptively affects the final results of the trial." Miller v. Miller, 5th Dist. No. 06 CA 3, 2006-Ohio-7019
at ¶ 12 (Citations omitted).
 {¶ 12} Stewart has failed to demonstrate that she was prejudiced by her inability to participate in the proceedings. She primarily argues that the trial court did not properly consider the best interest prong of the permanent custody test because it should have considered placing the children in her custody, but her argument is mistakenly premised on an understanding that the permanent custody determination in this case was fully litigated under the two-prong test set forth in R.C. 2151.414.
 {¶ 13} When the parties appeared for the permanent custody hearing in this case, the parents did not contest CSB's motion and the trial court's ultimate decision was based on a voluntary surrender of parental rights. Both parents indicated to the court that they would surrender their rights and, after determining *Page 6 
that their relinquishment of parental rights was voluntary, knowing, and intelligent, the trial court accepted their voluntary surrender and placed the children in the permanent custody of CSB.
 {¶ 14} Stewart fails to demonstrate that, if she had been able to intervene, the outcome of this case would have been any different. She does not challenge the validity of the parents' waiver of their rights, nor does she contend that she would have impacted their decision to surrender their rights if she had been permitted to participate in the proceedings. After the parents voluntarily relinquished their rights, it was unnecessary for the trial court to hold further permanent custody proceedings. Stewart cannot attempt to litigate the termination of parental rights when the parents chose not to do so. Because Stewart has failed to demonstrate any error by the trial court, her two assignments of error are overruled.
 {¶ 15} The assignments of error are overruled and the judgment of the Summit County Court of Common Pleas, Juvenile Division, is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into *Page 7 
execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
CARR, J. WHITMORE, J. CONCUR.
[1] The hearing at issue did not involve adjudication or disposition, which the juvenile court would have been required to record. See Juv.R. 37(A); In re B.E., 102 Ohio St.3d 388, 2004-Ohio-3361, at ¶ 8. *Page 1