OPINION *Page 2 
{¶ 1} Defendant-Appellant, Josiah L. Mason, Trustee of the Bankrupt Estates of John and Sonia Baxter, appeals the July 31, 2008 judgment entry of the Ashland County Court of Common Pleas granting summary judgment in favor of Plaintiff-Appellee, Auto Owners Mutual Insurance Company. The following facts give rise to this appeal.
 {¶ 2} On February 8, 2002, John and Sonia Baxter entered into a contract with Laurence Kendrick, dba August Larose Timber Frames, for the purchase of certain real estate in Ashland County, Ohio, and the construction of a single-family dwelling on the lot. Kendrick was the general contractor and utilized subcontractors for the construction of the home. The Baxters paid Kendrick the sum of $227,703 plus additional overages of $36,833 for the construction of the home.
 {¶ 3} When the Baxters took possession of the home upon its completion, they noticed numerous problems with the home. On April 13, 2004, the Baxters filed a complaint against Kendrick alleging breach of contract, breach of express and implied warranties, negligent performance of work, fraudulent misrepresentation, and violation of the Ohio Consumer Sales Practices Act. See John Baxter, et al. v. LaurenceKendrick, Ashland Cnty. Common Pleas, Case No. 03-CIV-169. The Baxters alleged in their complaint the defects to the construction included: the home was not constructed using timber frame construction; Kendrick never hired an architect to draw up the building plans as required by the contract; the home did not contain a finished room above the garage; the ceiling leaked; the garage was smaller than what was contracted *Page 3 
for; and the home was missing beams, had cracked drywall, unfinished drywall, and open spaces in the drywall under the beams.
 {¶ 4} Kendrick appeared in the action pro se. In discovery, the Baxters served Kendrick with interrogatories and requests for admissions. Kendrick failed to respond to the requests for admissions within 28 days of submission. The request for admissions were deemed admitted and the Baxters moved for summary judgment on all counts of their complaint. The trial court awarded summary judgment to the Baxters on all counts of the complaint, but awarded damages only on the breach of contract claim.
 {¶ 5} Kendrick appealed the decision of the trial court to grant summary judgment in favor of the Baxters to this Court. Kendrick was represented by counsel for his appeal. In our decision issued March 25, 2005, we affirmed the trial court's decision to grant summary judgment on all counts of the Baxters' complaint. See Baxter v. Kendrick, d.b.a.August Larose Timber Frames, 160 Ohio App.3d 204, 2005-Ohio-1477. However, we reversed and remanded the trial court's award of damages on the breach of contract claim because the trial court did not apply the proper measure of damages. Id.
 {¶ 6} At all times relevant to the within matters, Kendrick was a named insured on a commercial general liability policy issued by Auto Owners Mutual Insurance Company. On February 10, 2005, Auto Owners brought a declaratory judgment action against Kendrick seeking a declaration that Auto Owners had no obligation to defend or provide coverage to Kendrick in Case No. 03-CIV-169 under the terms of the commercial general liability policy. The trial court permitted Josiah Mason, Trustee for the Baxters' bankruptcy estate, to intervene in the case. The Trustee and Auto Owners *Page 4 
filed motions for summary judgment regarding Auto Owner's obligations to insure and defend under the terms of the commercial general liability policy.
 {¶ 7} On July 31, 2008, the trial court determined that pursuant to the terms of the commercial general liability policy, Auto Owners did not have a duty to defend or provide coverage for the allegations and matters set forth in Case No. 03-CIV-169. The trial court reasoned that it had granted summary judgment in the underlying case to the Baxters on all counts of their complaint, but only awarded damages with regard to the breach of contract claim. Pursuant to the terms of the commercial general liability policy, there was no coverage for a breach of contract claim because it was not an "occurrence" under the policy.
 {¶ 8} The Trustee now appeals and raises one Assignment of Error:
 {¶ 9} "THE TRIAL COURT ERRED AS A MATTER OF LAW BY GRANTING SUMMARY JUDGMENT TO AUTO-OWNERS BASED UPON THE FINDING THAT [SIC] WAS NO `OCCURRENCE' IN BAXTERS' CLAIMS AGAINST KENDRICK WHICH UNDER AUTO-OWNERS INSURANCE POLICY WOULD PROVIDE COVERAGE FOR KENDRICK."
 {¶ 10} We review the Trustee's Assignment of Error pursuant to the standard set forth in Civ. R. 56. Said rule was reaffirmed by the Supreme Court of Ohio in State ex rel. Zimmerman v. Tompkins, 75 Ohio St.3d 447,448, 1996-Ohio-211:
 {¶ 11} "Civ. R. 56(C) provides that before summary judgment may be granted, it must be determined that (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and *Page 5 
viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made. State ex. rel. Parsons v. Fleming (1994),68 Ohio St.3d 509, 511, 628 N.E.2d 1377, 1379, citing Temple v. WeanUnited, Inc. (1977), 50 Ohio St.2d 317, 327, 4 O.O3d 466, 472,364 N.E.2d 267, 274."
 {¶ 12} As an appellate court reviewing summary judgment motions, we must stand in the shoes of the trial court and review summary judgments on the same standard and evidence as the trial court. Smiddy v. TheWedding Party, Inc. (1987), 30 Ohio St.3d 35.
 {¶ 13} The Trustee argues there is coverage under the terms of the commercial general liability policy to insure the matters complained of by the Baxters in their complaint against Kendrick. The Auto Owners policy states,
 {¶ 14} "SECTION I — COVERAGES
 {¶ 15} "COVERAGE A. BODILY INJURY AND PROPERTY DAMAGE LIABILITY
 {¶ 16} "1. Insuring Agreement.
 {¶ 17} "We will pay those sums that the insured becomes legally obligated to pay as damages because of `bodily injury' or `property damage' to which this insurance applies. We will have the right and duty to defend any `suit' seeking those damages. * * *
 {¶ 18} "* * *
 {¶ 19} "b. This insurance applies to `bodily injury' and `property damage' only if: *Page 6 
 {¶ 20} "(1) The `bodily injury' or `property damage' is caused by an `occurrence' that takes place in the `coverage territory'; and
 {¶ 21} "(2) The `bodily injury' or `property damage' occurs during the policy period."
 {¶ 22} Auto Owners argues there has been no "occurrence" pursuant to the terms of the policy; therefore, there is no coverage available.
 {¶ 23} "Occurrence" is defined in Section V — Definitions of the policy as, "an accident, including continuous or repeated exposure to substantially the same general harmful conditions." "Property damage" means, "a. [p]hysical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or b. [l]oss of use of tangible property that is not physically injured. All such loss shall be deemed to occur at the time of the `occurrence' that caused it."
 {¶ 24} The trial court agreed with the argument presented by Auto Owners, finding that a breach of contract claim is not an "occurrence" under the policy. (Judgment Entry, July 31, 2008).
 {¶ 25} The Trustee concedes that the commercial general liability policy does not provide coverage for the breach of contract claim based upon the faulty workmanship of Kendrick. We find the Trustee is correct in this posture, as we have recently held in a similar breach of construction contract scenario, defective workmanship does not constitute an accident or "occurrence" under a commercial general liability policy that utilizes the same definition of "occurrence."Bogner Const. Co. v. Field Assoc., Knox *Page 7 
App. 08CA11, 2009-Ohio-116, ¶ 44 citing Environmental Exploration Co. v.Bituminous Fire Marine Ins. Co. (Oct. 16, 2000), Stark App. No. 1999CA00315.
 {¶ 26} The Trustee argues that the Baxters are entitled to coverage for their claims pursuant to an exclusion found within commercial general liability policy. Pursuant to Zanco v. Michigan Mut. Ins.Co., we must examine the insurance contract in its entirety to determine if there are any applicable exceptions to its coverage. (1984),11 Ohio St.3d 114, 116, 464 N.E.2d 513. The Trustee refers this Court to the "products-completed operations hazard" in Section I — Coverages, Coverage A. Bodily Injury and Property Damage Liability, 2. Exclusions, which states,
 {¶ 27} "This insurance does not apply to:
 {¶ 28} "* * *
 {¶ 29} "1. `Property damage' to `your work' arising out of it or any part of it and including in the `products-completed operations hazard'.
 {¶ 30} "This exclusion does not apply if the damaged work or the work out of which the damage arises was performed on your behalf by a subcontractor."
 {¶ 31} The Trustee alleges that subcontractors performed the majority of the work on the Baxters' home on behalf of Kendrick. Kendrick was a general contractor with no employees. His argument is that this "exclusion to an exclusion" entitles the Baxters' to coverage for their breach of contract claim because the damages were caused by the defective workmanship of the subcontractors. In Bosak v. H.R. MasonContractors, Inc., the 8th District analyzed the identical exclusion provision under a commercial general liability policy and noted that if the general contractor had alleged that subcontractors performed the work in question, the exclusion in the policy would *Page 8 
not have applied to the case and there may have been coverage under the policy. Cuyahoga App. No. 86237, 2005-Ohio-6732, at ¶ 29.
 {¶ 32} In order to analyze the Trustee's argument, it is necessary to review the procedural history of the underlying case giving rise to this declaratory judgment action. As stated above, in Case No. 03-CIV-169, the Baxters filed their complaint against Kendrick alleging breach of contract, breach of express and implied warranties, negligence, fraudulent misrepresentation, and violation of the Ohio Consumer Sales Practices Act. The Baxters moved for summary judgment on their complaint, relying upon their request for admissions that were deemed admitted pursuant to Civ. R. 36(A). Baxter, 2005-Ohio-1477, ¶ 11.
 {¶ 33} In Baxter, we reviewed the Baxters' requests for admissions:
 {¶ 34} "* * * [A]ppellant admitted a copy of the contract attached to the complaint was accurate.
 {¶ 35} "Request for Admission number 3 stated the home was to be built using the timber frame manner of construction. Request number 7 concedes the home was not built using the timber frame method. Request for Admission number 10 states admits the home was built using a stick built method.
 {¶ 36} "Request for Admission 4 stated the parties had agreed appellant would hire an architect to draw plans for the home. Request for Admission number 8 stated appellant did not hire an architect.
 {¶ 37} "Request for Admission number 5 stipulated the parties agreed there would be a room constructed over the garage. Request for Admission 9 states appellant did not construct a room above the garage." Id. at ¶¶ 11-14. *Page 9 
 {¶ 38} The trial court granted summary judgment in favor of the Baxters on all counts of the Baxters' complaint. Id. at ¶ 17. However, the trial court only awarded damages on the breach of contract claim. Id. Kendrick appealed the trial court's decision to this Court, arguing the trial court erred in (1) granting summary judgment in favor of the Baxters and (2) granting summary judgment in favor of the Baxters in regard to their damages. Id. at ¶¶ 2-3.
 {¶ 39} Upon our de novo review of the Civ. R. 56 evidence, we affirmed the trial court's finding of breach of contract. We did determine that while the parties did not argue the issue, the record did not contain any evidence supporting the allegations of fraudulent misrepresentation or violation of the Ohio Consumer Sales Practices Act. Id. at ¶ 17. We found, however, Kendrick suffered no prejudice from this because the trial court's judgment entry granted summary judgment on all counts, but only awarded damages on the breach of contract claim. Id.
 {¶ 40} As to the damages award, we reversed and remanded the matter to the trial court. The trial court awarded the Baxters $264,536 plus court costs, the exact purchase price of the home and lot. Id. at ¶ 24. Because the Baxters did not seek to rescind the purchase price in their complaint, the proper measure of damages was the amount needed to repair the home and make it conform to the parties' contract. Id. Our review of the record showed that there was no evidence presented to the trial court regarding the amount of damages the Baxters suffered as a result of the breach. Id. at ¶ 25.
 {¶ 41} Based upon the foregoing, we find the only matter that is pending before the trial court in the underlying case is the determination of damages on the Baxters *Page 10 
claim for breach of contract against Kendrick. There are no remaining claims of liability against Kendrick or his subcontractors before the trial court. Those matters were decided upon summary judgment by the trial court and affirmed by this Court, with no further appeals resulting there from.
 {¶ 42} While there may have been a genuine issue of material fact regarding the failure of the subcontractors to perform their work in a workmanlike manner, we find the Trustee is precluded from now raising these arguments in seeking coverage under the commercial general liability policy for the matters raised in Case No. 03-CIV-169. Under the doctrine of res judicata, "`[a] valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action.'" State ex rel. Denton v. Bedinghaus,98 Ohio St.3d 298, 301, 2003-Ohio-861, 784 N.E.2d 99, quoting Grava v. ParkmanTwp., 73 Ohio St.3d 379, 1995-Ohio-331, 653 N.E.2d 226, syllabus. Thus, a final judgment on the merits of an action precludes the parties from relitigating issues that were or could have been raised in that action.Trojanski v. George, Cuyahoga App. No. 83472, 2004-Ohio-2414. Moreover, the doctrine of res judicata prohibits a collateral attack on an otherwise final judgment. Southridge Civic Assn. v. Parma, Cuyahoga App. No. 80230, 2002-Ohio-2748.
 {¶ 43} Upon our de novo review, we find the trial court did not err in determining the Baxters were not entitled to coverage under the commercial general liability policy for their damages resulting from their claim of breach of contract by Kendrick. As conceded by the Trustee, a breach of contract claim does not qualify as an "occurrence" *Page 11 
under the terms of the commercial general liability policy. As we stated in Bogner, supra,
 {¶ 44} "Accordingly, since there was, therefore, no property damage caused by an `occurrence', which the general commercial liability insurance policy in this matter defines as an `accident', Appellee was not entitled to coverage under such policy. As was noted by the court inUnited States Fid. Guar. Corp. v. Advance Roofing Supply Co.,Inc. (1989), 788 P.2d 1227, 1233.[W]e recognize that there are some authorities that appear to conclude that the mere showing of faulty work is sufficient to bring a claim for resulting damages (of whatever nature) within policy coverage. In our opinion, these authorities disregard the fundamental nature of a comprehensive general liability policy . . . and ignore the policy requirement that an occurrence be an accident. If the policy is construed as protecting a contractor against mere faulty or defective workmanship, the insurer becomes a guarantor of the insured's performance of the contract, and the policy takes on the attributes of a performance bond. We find these authorities unpersuasive.
 {¶ 45} "We also agree with the court in Heile, supra, that: `In particular, [general commercial liability] policies such as the one here are not intended to insure "business risks"-risks that are the "normal, frequent, or predictable consequences of doing business, and which business management can and should control or manage." Courts generally conclude that the policies are intended to insure the risks of an insured causing damage to other persons and their property, but that the policies are not intended to insure the risks of an insured causing damage to the insured's own work. In *Page 12 
other words, the policies do not insure an insured's work itself; rather, the policies generally insure consequential risks that stem from the insured's work.'"
 {¶ 46} Accordingly, we hereby overrule the sole Assignment of Error.
 {¶ 47} The judgment of the Ashland County Court of Common Pleas is affirmed.
By: Delaney, J. Farmer, P.J. and Edwards, J. concur. *Page 13 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Ashland County Court of Common Pleas is affirmed. Costs assessed to Defendant-Appellant, Josiah L. Mason, Trustee of the Bankrupt Estates of John and Sonia Baxter. *Page 1