SCHOOLEY *v*. WILKER.

(Decided October 14, 1929.)

*Mr. Milton C. Moore* and *Messrs. Hyre & Hyre,* for plaintiff in error.
*Mr. Sydney A. Davies,* for defendant in error.

VICKERY, P. J. This action comes into this court on a petition in error to the municipal court of the city of Cleveland, the purpose being to reverse a judgment that was rendered in favor of John H. Wilker, the defendant in error, against Harry E. Schooley, the plaintiff in error, who, as plaintiff in the court below, brought his action to recover $962.50 for rent claimed to have accrued in his favor for a period of time between July 1, 1926, and October 15, 1926, or three and one-half months. In the court below a judgment was rendered in favor of the plaintiff, but for a part only of his claim, to wit, $423.04, and he prosecutes error to this court because he did not recover a judgment for the full amount sued for.

The case was tried in the court below upon an agreed statement of facts, which is embodied in a bill of exceptions, and is the record before this court upon which the case is tried. From this record we learn that the plaintiff was the owner of certain real estate in the city of Alliance, Ohio, and that on the 22d day of October, 1920, he leased the premises in question to a partnership, Cooey & Wilker, in writing, for a period of eight years, at a yearly rental of $3,300, payable in monthly installments of $275 per month, and that, under and in pursuance of this lease, the partnership took possession of this property and occupied it until the transpiring of the events hereinafter recited.

The record shows that some time prior to the first

of July, 1926, by mutual consent of Cooey & Wilker, the partnership was dissolved, Wilker selling his interest to Cooey, who thereafter carried on the business without any apparent change being made in the name of the concern or in the manner in which the business was carried on.

It is admitted in this case that no notice, either actual or constructive, was given of the dissolution of the partnership, and that there had been no publication of the dissolution. Subsequent to the dissolution and after Wilker had retired, as stated, Cooey carried on the business, and on July 1, 1926, he became a bankrupt, was so adjudicated by the bankruptcy court, and a receiver was appointed to take possession of the business. On the 21st of September, 1926, by direction of the bankruptcy court, the trustee in bankruptcy was ordered to abandon the property, and he did so abandon it, and turned it over to Schooley, the plaintiff. Subsequently the plaintiff in the court below filed a claim with the trustee in bankruptcy for the rent that had accrued from July 1 up to that time. The claim was allowed, but no dividend whatever was paid, and consequently nothing was paid upon the rent due to the plaintiff.

It is admitted in this record that no rent was paid by the defendant in error, who was defendant below, or by anybody for him, from July 1, 1926, to October 15, 1926. It is admitted in this record that prior to October 15th the plaintiff in this action relet this property for a sum greater than the former tenants had agreed to pay, which reletting was to commence on the 15th of October, the property having been returned to him by the trustee of the bankrupt party who was in possession on July 1st and prior thereto; that is, I believe Schooley rented it for a period of

time amounting perhaps to the full period of the remaining lease, which was something in the neighborhood of two years, for a sum of about $300 per month rental.

The rent for the interval between July 1st and October 15th not having been paid, the plaintiff below, plaintiff in error here, the landlord, brought his action, as already stated, for $962.50 for rent during this period, and while the defendant in error, defendant below, admitted all the facts as heretofore stated, he claimed that he was not liable for all of this rent because the landlord had rented it at an increased rental, and, therefore, that the increase in rental should be credited to him, which is the sole question that is before this court.

We think the matter can be disposed of very quickly and very easily by holding that such a claim is not tenable. The municipal court in finding for the plaintiff in the sum of $423.04 only, allowing a credit for the difference in rental of $25 a month from the time the new tenant took possession up until the end of the original lease, committed error.

There is no question that a partnership existed in this case, and that there was no notice of a dissolution, so the outgoing partner, the defendant in error, the defendant below, was liable for the rent, in no way having been released, and was liable for that rent until the leasehold was terminated by the plaintiff, the landlord, taking possession of the property, which he did on the 15th of October. Now all the obligation of the defendant to the plaintiff had accrued prior to that time, and it was a subsisting obligation, and, had the landlord rented this property for a less sum of money than reserved in the former lease, without notifying the former tenant,

Wilker in this case, that he expected to hold him for the balance of the rent, the mere assuming possession and leasing the property to another person would, *ipso facto*, release the former tenant from any further obligation to pay rent; and if the landlord had rented the property for, let us say, $100 a month, and then had sought to make up the difference against the former tenant, he would have been met by the insurmountable fact that he had assumed possession of the property and relet it to another tenant without any notice or reservation of his rights against the former tenant, and that would have been a complete answer to any suit that he might have predicated for the difference between what he got and what he was to have gotten under the old lease.

Do not understand us to say that the landlord could not have entered into a contract with the new tenant in such manner that he could not retain his claim against the old tenant for the difference, but that could only be accomplished by giving notice, and giving the former tenant an opportunity to get a tenant at a higher rate. There is no doubt that this would be the law in such an event. Now, then, if that is so, the former tenant would be discharged by the new lease to a new tenant, and if that would discharge the old tenant, even though it was at a less rental, by what parity of reasoning can the old tenant claim the benefit of a higher rent to a new tenant? His obligation had accrued, and there was no contractual relation in any way as far as he is concerned with the new tenant. The old tenant had abandoned, he had vacated the premises, and turned them over, and his obligation was a fixed, determined obligation, and he had nothing coming to him in any

way from the increased rental, because his rights in the premises had ceased. The only thing that he can be thankful for is that the property was rented at all, and for enough to hold him harmless for the period of time that it was occupied after the 15th of October. For, in our judgment, had the landlord rented it for a less sum, and signified his intention to hold the former lessees responsible for the difference, he could have done so.

From our view of this case, the court took a wrong view of the law. The plaintiff below, under the agreed statement of facts in this case, was entitled to recover the full rental that was due from July 1st to October 15th, when the new lease went into effect, and it is none of the defendant's concern as to the terms of the new lease, whether the landlord rented the premises for less or for more, for, from the manner in which it was done, had the landlord rented the premises for less, the defendant below would not have been liable, and so it follows as "night the day" that in the event he got more for the premises it would not redound to the benefit of the former tenant.

The judgment of the court below is wrong in that it should not have allowed a credit to the former tenant for the difference in the rentals. The plaintiff was entitled to recover the full amount that he sued for, to wit, $962.50, and the judgment of the court below will be reversed and judgment entered for plaintiff in error in the sum of $962.50, with interest from the time of the commencement of the suit.

*Judgment accordingly.*

SULLIVAN and LEVINE, JJ., concur.