THE WAY INTERNATIONAL, APPELLANT, *v.* OHIO CENTER, APPELLEE.

(No. 81AP-950—Decided April 1, 1982.)

Mr. James C. Peterson and Mr. Steven C. Morrison, for appellant.

Messrs. Vorys, Sater, Seymour & Pease and Mr. Bruce L. Ingram, for appellee.

REILLY, J. This is an appeal from a judgment of the Court of Common Pleas of Franklin County.

The record reveals that, on November 3, 1980, plaintiff-appellant, The Way International, contracted with defendant-appellee, Ohio Center, to rent Battelle Hall from December 30, 1980 to January 3, 1981 for a convention. Plaintiff paid defendant $4,500 on November 6, 1980 as advance rent under the agreement and total rent was to be $9,000 or fifteen percent of gross receipts, after applicable taxes.

Plaintiff, on November 26, 1980, informed defendant by telephone and letter sent by certified mail that it was cancelling the agreement and requested its return of the $4,500 advance payment. Defendant refused to do so. Defendant apparently did not endeavor to obtain a rental for the dates of December 30, 1980 and January 1, 1981. The record indicates defendant made only one effort to obtain a rental for December 31, 1980.

The Amway Corporation, however, contracted with defendant to rent the hall from January 2, 1981 through January 4, 1981 for a total rent of $13,500. That part of Amway's rent, in accordance with its rental agreement with defendant, attributable to the dates of January 2, 1981 and January 3, 1981, was $9,000, the exact amount included in the rental contract between plaintiff and defendant for the entire period of December 30, 1980 through January 3, 1981.

Plaintiff filed a complaint seeking to have its advance payment of $4,500 returned. Defendant filed an answer and counterclaim to retain the $4,500 and to obtain an additional $500. Both parties filed motions for summary judgment. The trial court granted summary judgment for defendant.

Plaintiff has now perfected this ap-

452

peal, including the following assignments of error:

"1. The order of the trial court denying plaintiff-appellant's motion for summary judgment and granting defendant-appellee's motion for summary judgment was contrary to law for the reason that it applied an incorrect measure of damages."

"2. The order of the trial court granting the defendant-appellee's motion for summary judgment was contrary to law for the reason that there is a genuine issue of material fact of whether defendant-appellee exercised reasonable efforts to mitigate damages and was therefore not entitled to judgment as a matter of law."

Plaintiff's first assignment of error is well taken. The measure of damages for a breach of an agreement prior to the time the injured party has performed is that amount which places the injured party in as good a position as he would have been had the contract been fully performed. *Allen, Heaton & McDonald, Inc.* v. *Castle Farm Amusement Co.* (1949), 151 Ohio St. 522 [39 O.O. 330]; *F. Enterprises* v. *Kentucky Fried Chicken Corp.* (1976), 47 Ohio St. 2d 154, 159 [1 O.O.3d 90]; *DiRenzo* v. *Cavalier* (1956), 165 Ohio St. 386 [60 O.O. 13]. In considering the damage award, the proper test for compensation is the difference between the total rent agreed upon and the total rent received for the unoccupied term of the lease from subsequent tenants.

The trial court applied *Schooley* v. *Wilker* (1929), 33 Ohio App. 462, in holding that the proper measure of damages is the *pro rata* share of rent due for the unoccupied term of the lease. Consequently, considering *Schooley,* plaintiff would be liable for rent due for December 30, 1980 through January 1, 1981, despite the fact that the defendant received exactly the amount due for the entire term of its contract with plaintiff when it rented the premises to the Amway Corporation for the remaining two days of the term for which plaintiff and defendant agreed. However, defendant was not actually damaged by plaintiff's breach. Nevertheless, under *Schooley,* defendant would be entitled to receive an additional $5,000, a windfall and punitive in nature concerning plaintiff's liability. Therefore, the court erred in applying *Schooley,* because, in our opinion, that case does not correctly state the proper measure of damages. Under the proper measure of damages, plaintiff owes defendant nothing as defendant received the benefit of its bargain and defendant must return plaintiff's advance payment of $4,500.

Therefore, plaintiff's first assignment of error is sustained.

Considering plaintiff's first assignment of error, plaintiff's second assignment of error becomes moot and is overruled.

Accordingly, for the foregoing reasons, the judgment is reversed and remanded for further proceedings consistent with this decision and in accordance with law.

*Judgment reversed and cause remanded.*

McCORMAC and NORRIS, JJ., concur.