OPINION NUNC PRO TUNC *Page 2 
{¶ 1} Defendants-appellants Landry's Restaurants, Inc., Landry's Seafood House Ohio, Inc., and Landry's Seafood Restaurants, Inc. appeal two judgments of the Court of Common Pleas of Stark County, Ohio, which made findings of fact and conclusions of law, and awarded damages to plaintiff-appellee The Strip Delaware, LLC for breach of contract. We have consolidated the appeals. Landry's assigns four errors to the trial court:
 {¶ 2} "I. THE TRIAL COURT ERRED BY FINDING THAT APPELLEE THE STRIP DELAWARE LLC SATISFIED ITS DUTY TO MITIGATE DAMAGES WHERE APPELLEE MADE NO EFFORT AT ALL TO DO SO.
 {¶ 3} "II. THE TRIAL COURT ERRED BY DETERMINING THAT A HOLDOVER TENANCY OCCURRED AFTER DECEMBER 22, 2006, ENTITLING APPELLEE TO RENT THEREAFTER AND BY IMPOSING A 150 PERCENT PENALTY RENTAL RATE ON APPELLANTS.
 {¶ 4} "III. ALTERNATIVELY TO THE SECOND ASSIGNMENT OF ERROR, THE TRIAL COURT ERRED BY DETERMINING THAT A HOLDOVER TENANCY OCCURRED AFTER JULY 27, 2007 AND BY IMPOSING A 150 PERCENT PENALTY RENTAL RATE TEHREAFTER ON APPELLANTS.
 {¶ 5} "IV. ALTERNATIVELY TO THE THIRD ASSIGNMENT OF ERROR, THE TRIAL COURT ERRED BY NOT LIMITING DAMAGES TO TWO MONTHS OF RENT."
 {¶ 6} The Strip Delaware, LLC owns a parcel of commercial real estate known as "The Strip" in Jackson Township, Stark County, Ohio. In 1997, Landry's entered into a lease agreement with The Strip to operate a "Joe's Crab Shack" restaurant. In 2006, *Page 3 
Landry's sold the majority of its Joe's Crab Shack restaurants, and as a result, closed the restaurant at The Strip on November 17, 2006.
 {¶ 7} The Strip notified Landry's it was in default of the lease agreement, which required it to continuously operate at the leased premises. On December 22, 2006, Landry's repossessed the leased premises, changing the locks and posting notices on the doors. All the equipment and furnishings Landry's used to operate its restaurant remained on the premises. On December 29, 2006, The Strip terminated the lease with Landry's, and requested it remove its property.
 {¶ 8} Landry's disputed The Strip's decision, and on February 1, 2007, The Strip filed a complaint for declaratory judgment. The trial court granted summary judgment, finding Landry's violated the terms of the lease agreement, the agreement was terminated as a result of the default, and The Strip was entitled to self-help repossession of the leased premises.
 {¶ 9} Landry's appealed the matter to this court in Stark Common, Ltdv. Landry's Seafood House Ohio, Inc., Stark App. No. 2007-CA00240. This court affirmed the trial court's decision.
 {¶ 10} Thereafter, The Strip filed the instant case, seeking damages for breach of the lease contract. After a bench trial, the trial court found Landry's was liable as a holdover tenant from December 22, 2006 through April 14, 2008, at 150 percent of the base rent (the rate provided for in the lease), together with applicable taxes and charges. The trial court found The Strip had not violated its duty to mitigate damages because no reasonable prospective tenant would enter into a lease while the first action was pending. *Page 4 
 II, III IV {¶ 11} In their second assignment of error, Landry's challenges the court's finding it is a holdover tenant, liable for a 150% penalty rental rate after December 22, 2006. The third assignment states in the alternative, the court erred in finding a holdover tenancy occurred after July 27, 2007. As an alternative to the third assignment of error, in the fourth assignment of error, Landry's urges the most it could be held liable for was two months' rent. We address these assignments of error together.
 {¶ 12} The Strip produced evidence that Timothy Ly and Family, Inc. dba Pad Thai Restaurant executed a letter of intent to enter into a lease of the property, conditioned on resolution of the declaratory judgment litigation. This court filed our decision on April 14, 2008. The trial court found The Strip was entitled to damages from December 22, 2006 through April 14, 2008, and we agree. However, we find the trial court utilized the wrong basis for calculating the damages.
 {¶ 13} Article 14 of the lease between the parties deals with the landlord's remedies in the event the tenant defaults or fails to perform its obligations under the lease. It lists various non-exclusive remedies, but does not provide for the 150% increase in rent.
 {¶ 14} Article 17 of the lease deals with holdover tenancy. It provides:
 {¶ 15} "Section 17.1 Holding Over. Any holding over after the expiration of the term hereof shall be construed to be a tenancy from month-to-month [at one hundred fifty percent (150%) of the monthly minimum rental herein specified for the last year of the Term] and shall otherwise be on the same terms and conditions herein specified so far as applicable, except Tenant shall be liable in damages to the Landlord." *Page 5 
 {¶ 16} In the case of Inzetta v. The Ohio Bell Telephone Company (May 1, 2001), Franklin App. Nos. 00AP-1084, the 10th District Court of Appeals discussed the term "holdover":
 {¶ 17} "A holdover generally is `based upon an implied agreement, and indicates on the part of the tenant that he intends to continue the relationship.' Palevsky v. Bentfield (1933), 46 Ohio App. 385, 387. In general terms, a holdover occurs when a tenant maintains possession or occupancy of the premises past the expiration date of the lease agreement. See Bumiller v. Walker (1917), 95 Ohio St. 344; Steiner v.Minkowski (1991), 72 Ohio App.3d 754, 762." Inzetta at 2.
 {¶ 18} Steiner explains a landlord may treat holdover tenants as trespassers or hold them to a new lease term. The conduct of the parties determines whether an implied contract arises. If the tenant holds over and continues paying the same rent, an implied contract arises and is governed by the provisions of the original lease. The same result is reached if a tenant remains on the premises and fails to pay the rent. A landlord may unilaterally increase the rent for the holdover period, but the holdover tenant will not be held liable for the difference between the rent stated in the lease and the rent after the increase if the tenant expresses dissent to the increase. Steiner at 762, citations deleted.
 {¶ 19} It is clear Landry's is not a holdover tenant as defined in the lease and by case law. We find the court erred in using the holdover clause of the lease as the basis of its computation of damages.
 {¶ 20} The second, third, and fourth assignments of error are overruled in part, as to Landry's liability, and sustained in part, as to the computation of damages. *Page 6 
 I {¶ 21} In their first assignment of error, Landry's argues the court erred by finding The Strip satisfied its duty to mitigate damages. The record indicates The Strip's prospective tenant would not enter into a lease for the premises until after the lawsuit over Landry's lease was concluded. The trial court correctly found no reasonable tenant would enter into a lease of the property while the litigation in the first case was pending. We agree with the trial court The Strip made reasonable attempts to mitigate its damages under the circumstances of the case.
 {¶ 22} The first assignment of error is overruled.
 {¶ 23} For the foregoing reasons, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed in part, and reversed in part, and the matter is remanded to the court for further proceedings in accord with law and consistent with this opinion.
Gwin, J., Farmer, P.J., and Wise, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed in part, and reversed in part, and the matter is remanded to the court for further proceedings in accord with law and consistent with this opinion. Cost to be split between the appellants and appellee.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed in part, and reversed in part, and the matter is remanded to the court for further proceedings in accord with law and consistent with this opinion. Cost to be split between the appellants and appellee. *Page 1