[Cite as *Strip Delaware L.L.C. v. Landry's Restaurants, Inc.*, 2011-Ohio-4075.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| THE STRIP DELAWARE, LLC | JUDGES: |
| | Hon. Sheila G. Farmer, P .J. |
| Plaintiff-Appellee | Hon. John W. Wise, J. |
| | Hon. Patricia A. Delaney, J. |
| -vs- | |
| | Case No. 2010 CA 00316 |
| LANDRY'S RESTAURANTS, INC., et al. | |
| | |
| Defendants-Appellants | O P I N I O N |


CHARACTER OF PROCEEDING: Civil Appeal from the Court of Common Pleas, Case No. 2009 CV 02483

JUDGMENT: Affirmed in Part; Reversed in Part and Remanded

DATE OF JUDGMENT ENTRY: August 15, 2011


APPEARANCES:

For Plaintiff-Appellee                        For Defendants-Appellants

MICHAEL R. STAVNICKY                   TERRENCE L. SEEBERGER
SINGERMAN, MILLS, DESBERG              NADA G. FADDOUL
& KAUNTZ                               STARK & KNOLL
3333 Richmond Road, # 370              3475 Ridgewood Road
Beachwood, Ohio  44122                 Akron, Ohio  44333

RANDOLPH SNOW
BLACK MCCUSKEY SOUERS
& ARBAUGH
220 Market Avenue South
1000 Unizan Plaza
Canton, Ohio  44702

*Wise, J.*

{¶1}  Appellants/Cross-Appellees Landry's Restaurants, Inc. and Landry's Seafood House-Ohio, Inc., appeal the August 3, 2010 and October 15, 2010 decisions of the Court of Common Pleas, Stark County, awarding monetary judgments in favor of Appellee/Cross-Appellant The Strip Delaware, L.L.C. in a protracted dispute concerning a restaurant property lease in Jackson Township, Stark County.

{¶2}  As an initial matter, we note this is the fifth appeal to this Court involving this lease dispute. See *Stark Commons, Ltd. v. Landry's Seafood House Ohio, Inc.*, Stark App.No. 2007CA00240, 2008 WL 2102353; *The Strip Delaware, LLC v. Landry's Restaurants, Inc.*, Stark App.Nos. 2008CA000146 and 2008CA00160, 2009-Ohio-1869; *Stark Commons Ltd. v. Landry's Seafood House–Ohio, Inc.*, Stark App.No. 2008 CA 00206, 2009-Ohio-3847, 2009 WL 2372143; *Strip Delaware, L.L.C. v. Landry's Restaurants, Inc.*, 191 Ohio App.3d 822, 947 N.E.2d 1233. As a full history of this matter can be gleaned from our opinions in those appeals, we will briefly state the relevant facts leading to the present appeal as follows.

{¶3}  Appellee The Strip Delaware, L.L.C. owns a parcel of commercial real estate known as "The Strip" in Stark County. In September 1997, Landry's Seafood House-Ohio, Inc., entered into a twenty-year lease agreement with appellee's predecessor, Stark Commons, Ltd., to operate a "Joe's Crab Shack" restaurant. Among other things, the lease provides that in the event of a breach, the landlord may recover from the tenant "any deficiency that may arise by reason of reletting for the remainder of the Lease Term."

**{¶4}**   In addition, Appellant Landry's Seafood Restaurants, Inc. executed a guaranty agreement, guaranteeing the full performance of the lease by Landry's Seafood House-Ohio, Inc. (tenant).

**{¶5}**   Appellants closed Joe's Crab Shack restaurant at The Strip on November 17, 2006. Appellee then notified Landry's Ohio that it was in default on the lease agreement, which required it to continuously operate at the leased premises. On December 22, 2006, appellee repossessed the leased premises. On February 1, 2007, appellee filed a complaint for declaratory judgment. The common pleas court granted summary judgment, finding that appellee was entitled to self-help repossession of the leased premises. On appeal, we affirmed the summary judgment decision. See *Stark Commons, Ltd. v. Landry's Seafood House Ohio, Inc.,* Stark App.No. 2007CA00240, 2008 WL 2102353 (filed April 14, 2008).

**{¶6}**   Further litigation would ensue. In the meantime, appellee pursued a new lease with a restaurant named Vieng's Bistro. However, no agreement was reached with Vieng's.

**{¶7}**   On August 22, 2008, Appellee The Strip Delaware entered into a new lease on the property at issue with Wasabi Japanese Steakhouse. On March 13, 2009, after a period of remodeling and reconstruction of the physical premises, Wasabi took possession and began paying rent.

**{¶8}**   On June 25, 2009, Appellee The Strip Delaware filed a civil complaint against Appellants Landry's Restaurants, Inc. and Landry's Seafood House-Ohio, Inc. in the Stark County Court of Common Pleas, seeking recovery of lost rent and other

damages for the period April 15, 2008 to March 13, 2009. The matter proceeded to a bench trial commencing on July 26, 2010.

{¶9}   The court awarded appellee damages against both appellants for breach of contract in the amount of $164,042.51. This amount included the following:

1.    Base rent, including interest, from 4/15/08 through 11/30/08 = $93,199.46

2.    Common area maintenance fees, including interest, 4/15/08 through 3/13/09 = $14,770.49

3.    Taxes, including interest, 4/15/08 through 3/13/09 = $11,072.56

4.    Costs pertaining to Vieng's lease termination = $5,000.00

5.    Brokerage fee = $40,000.00

{¶10} In addition, the court awarded appellee rent damages, against Landry's Ohio solely, for the period 11/30/08 through 3/13/09 in the amount of $39,734.32, including interest. Finally, appellants were ordered to pay costs and attorneys' fees of $46,912.47, plus interest.

{¶11} On November 1, 2010, appellants filed a notice of appeal. They herein raises the following six Assignments of Error:

{¶12} "I.   THE TRIAL COURT ERRED BY AWARDING DAMAGES TO APPELLEE THE STRIP DELAWARE LLC WHERE IT SUFFERED NO ACTUAL DAMAGES (INCLUDING, BUT NOT LIMITED TO, RENT, COMMON AREA MAINTENANCE FEES, AND TAXES) INASMUCH AS A REPLACEMENT LEASE FOR THE PREMISES AT ISSUE PROVIDED FOR SUBSTANTIALLY HIGHER RENT THAN DID THE LEASE AT ISSUE HEREIN.

{¶13} "II. THE TRIAL COURT ERRED BY IGNORING THE PLAIN LANGUAGE OF THE LEASE AND AWARDING DAMAGES TO APPELLEE STRIP DELAWARE, WHERE STRIP DELAWARE SUFFERED NO ACTUAL DAMAGES (INCLUDING, BUT NOT LIMITED TO, RENT, COMMON AREA MAINTENANCE FEES, AND TAXES) INASMUCH AS A REPLACEMENT LEASE FOR THE PREMISES AT ISSUE PROVIDED FOR SUBSTANTIALLY HIGHER RENT THAN THE LEASE AT ISSUE HEREIN.

{¶14} "III.    THE TRIAL COURT ERRED BY HOLDING GUARANTOR LANDRY'S RESTAURANTS, INC. LIABLE FOR COMMON AREA MAINTENANCE FEES AND TAXES AFTER NOVEMBER 2008 WHERE ITS LIABILITY FOR SUCH FEES AND TAXES WAS LIMITED BY THE GUARANTY TO A TWO-YEAR PERIOD AFTER BREACH.

{¶15} "IV.    THE TRIAL COURT ERRED BY HOLDING LANDRY'S RESTAURANTS LIABLE FOR ATTORNEYS' FEES, THE $5,000 VIENG'S LEASE TERMINATION EXPENSE, AND THE $40,000 BROKERAGE FEE WHERE IT NEVER GUARANTEED THOSE FEES AND EXPENSES.

{¶16} "V.    THE TRIAL COURT ERRED BY HOLDING LANDRY'S RESTAURANTS LIABLE FOR ATTORNEYS' FEES AND THE BROKERAGE FEE WHERE SUCH NECESSARILY WERE INCURRED MORE THAN TWO YEARS AFTER THE ALLEGED BREACH.

{¶17} "VI. THE TRIAL COURT ERRED BY ASSESSING ATTORNEYS' FEES AGAINST APPELLANTS WHERE, PURSUANT TO ASSIGNMENT OF ERROR NO. I,

STRIP DELAWARE WAS NOT ENTITLED TO ANY DAMAGES, AND FURTHER ERRED BY NOT AWARDING ATTORNEYS' FEES TO APPELLANTS."

**{¶18}** Appellee has submitted the following sole Assignment of Error in its cross-appeal:

**{¶19}** "I. THE TRIAL COURT ERRED IN FINDING ANY LIMIT UNDER THE GUARANTY APPLICABLE TO THIS DEFAULT."

*Appellants' Direct Appeal*

I., II.

**{¶20}** In their First and Second Assignments of Error, Appellants Landry's Restaurants and Landry's Ohio contend the trial court erred in awarding "deficiency" damages for breach of the lease to Appellee Strip Delaware. We disagree.

**{¶21}** The purpose of contract construction is to effectuate the intent of the parties. See *Skivolocki v. East Ohio Gas Co.* (1974), 38 Ohio St.2d 244, 313 N.E.2d 374, paragraph one of the syllabus. In assessing contractual damages, the goal is to place the aggrieved party in the position he or she would have been had the breach not occurred. *Baxter v. Kendrick,* 160 Ohio App.3d 204, 826 N.E.2d 860, 2005-Ohio-1477, ¶ 24, citing *Peterman v. Dimoski,* Hamilton App. No. C-020116, 2002-Ohio-7337, 2002 WL 31894859; *Heckman v. Porter,* Stark App.Nos. 2002CA00380, 2002CA00381, 2003-Ohio-3135, 2003 WL 21384859. In regard to the case sub judice, although the lengthy dispute over the former Joe's Crab Shack restaurant property has frequently been one of complexity for this Court and the trial court, the issue in the two present assigned errors is straightforward: Should the commercial landlord's (appellee's) claim for unpaid rent or "deficiency" damages for the eleven months the property sat empty

(until re-letting) be adjusted or eliminated based upon potentially higher rents anticipated to be received by the landlord from a new tenant (Wasabi's Restaurant) under a replacement lease?

{¶22} Appellants' essential claim is that appellee, as landlord, has not suffered any "deficiency" under the terms of the Joe's Crab Shack lease, and that the recovery allowed by the trial court constitutes an improper windfall to appellee, even though appellants do not dispute that appellee's efforts to relet were proper and reasonable. Appellants rely in large measure on *The Way International v. Ohio Center* (1982), 3 Ohio App.3d 451, 445 N.E.2d 1158, wherein the Tenth District Court of Appeals held as follows:

{¶23} "1. The measure of damages for a breach of an agreement prior to the time the injured party has performed is that amount which places the injured party in as good a position as he would have been had the contract been fully performed (i.e*.,* the benefit of the bargain)

{¶24} "2. In considering the damage award, the proper test for compensation is the difference between the total rent agreed upon and the total rent received for the unoccupied term of the lease from subsequent tenants, not a pro rata share of rent due for the unoccupied term of the lease." Id., syllabus.

{¶25} In mathematical terms, appellants maintain that Wasabi, the new tenant, will pay rent totaling over $1,600,000.00 through what would have been the end of the Landry's lease (March 2018), while less than $1,200,000.00 would have been paid under the Landry's lease had it been fulfilled. Thus, appellants argue, in the end appellee will most likely be financially better off under the Wasabi lease and should not

have been awarded monetary damages for breach of the Landry's Joe's Crab Shack lease.

**{¶26}** Nonetheless, we find appellants' argument unpersuasive in several respects. First, the standard rule in Ohio is simply that rent under a lease agreement is due until the end of the stated lease term or until the premises are relet with reasonable efforts, whichever occurs first. See *Dennis v. Morgan* (2000), 89 Ohio St.3d 417, syllabus. We are aware of no clear law in Ohio that increased rents to be paid by a new tenant should benefit the prior tenant following a breach. See *Schooley v. Wilker* (1929), 33 Ohio App. 462, 467, 169 N.E. 829: "The only thing that [the former tenant] can be thankful for is that the property was rented at all, and for enough to hold him harmless for the period of time that it was occupied after [the date of re-letting]."

**{¶27}** In addition, while *The Way International*, supra, initially appears to support appellants' position, we note that the rental agreements in that case involved the use of a convention hall for a few days, not multi-year leases stretching well into the future. We find appellants' proposition that the future rents from Wasabi must be counted against appellee's present damages would invite far too much consideration of speculative evidence, which is generally not favored in Ohio courts. See, e.g., *Middletown v. McGee* (1988), 39 Ohio St.3d 284, 286. Because there is never a complete assurance that a landlord in appellee's position will collect all future rents from a replacement tenant, the application of appellants' present theory would likely leave such landlord without a legal remedy if he or she is forced to wait past the statute of limitations for a breach of lease action.

**{¶28}** Finally, because the Landry's lease and guaranty contained a non-acceleration clause, we would find it wholly inequitable to allow appellants to effectively accelerate alleged offsets to the unpaid rent obligations using speculative future rents from the new tenant, Wasabi.

**{¶29}** Accordingly, we hold the trial court did not err in awarding damages for breach of the Landry's lease to Appellee Strip Delaware.

**{¶30}** Appellants' First and Second Assignments of Error are overruled.

III.

**{¶31}** In their Third Assignment of Error, appellants contend the trial court erred in holding Landry's Restaurants liable for common area maintenance fees and taxes after November 2008, in light of the language of the Guaranty in the record. We disagree.

**{¶32}** The Guaranty at issue herein provides: "Notwithstanding anything in this Guaranty to the contrary, the liability of Guarantor shall not exceed the rent payable under the Lease at the time of such default for two (2) consecutive years and in no event shall Guarantor be liable for any Rents payable under the Lease after the fifteenth (15th) anniversary from the date that Rent is first payable under the Lease. For purposes of the foregoing sentence, 'Rent' shall mean the Maximum Rent, additional rent, and all other sums and charges payable by Tenant to Landlord under the Lease."

**{¶33}** As appellee has correctly articulated in its response brief, the aforesaid language creates a "rolling guaranty," which, in the absence of an acceleration clause, each new default by appellant creates a new cause of action. See, e.g., *Campbell v. SSR, Inc.*, Knox App.No. 00CA17, 2001 WL 61082. Appellee clearly set forth

throughout the trial court proceedings that it sought contract damages for the period from April 15, 2008 (the first day after the period of default addressed in prior case 2007CV3288) through March 13, 2009 (the day Wasabi took over as the new tenant). As the record supports that these "other sums and charges" were incurred by appellee during such time frame, we find no error by the trial court in this regard.[1]

**{¶34}** Appellants' Third Assignment of Error is therefore overruled.

IV.

**{¶35}** In their Fourth Assignment of Error, appellants contend the trial court erred in holding Landry's Restaurants liable for attorney's fees, a $5,000.00 lease termination expense, and a $40,000.00 brokerage fee. We disagree.

**{¶36}** Section 14.5 of the lease addresses costs of reletting as follows: "In case of any event of default, Tenant shall also be liable for all damages Landlord may be entitled to under the Lease, in law or in equity, and shall pay to Landlord, in addition to any sum provided to be paid above, costs and expenses relating to Tenant's default and the reletting of the Premises, including, without limitation, to broker's fees incurred by landlord in connection with reletting the whole or any part or the Leased Premises; the costs of removing and storing Tenant's or other occupant's property and the cost of repairing, to put the Leased premises into good condition."

**{¶37}** Appellants essentially argue that the "rent" for which Landry's Restaurants would be liable in the event of breach does not include anything other than base rent, common area maintenance fees, and real estate taxes. However, we agree with

---

[1] In a related vein, we note the trial court limited the time frame of the "base rent" guarantor damages to a termination date of November 2008. We will further address this issue in Appellee's Cross-Appeal assignment, infra.

appellee that the Guaranty binds Landry's Restaurants (as guarantor) to honor all lease obligations and to pay all sums and charges payable by the tenant under the lease, including attorney fees. See Section 14.10. The payment of costs and expenses of reletting are likewise an obligation of the guarantor under the lease. Evidence was presented to the trial court that appellee, as landlord, incurred $46,912.47 in attorney's fees and costs in seeking to recover for this new default. Tr., September 28, 2010, at 4-47. Evidence was further adduced that appellee incurred $45,000.00 of costs and expenses in reletting the premises. Tr. at 109, 110, 123.

**{¶38}** As an appellate court, our role is to determine whether there is relevant, competent, and credible evidence upon which the factfinder could base his or her judgment. *Tennant v. Martin–Auer*, 188 Ohio App.3d 768, 936 N.E.2d 1013, 2010-Ohio-3489, ¶ 16, citing *Cross Truck v. Jeffries* (Feb. 10, 1982), Stark App. No. CA–5758, 1982 WL 2911. Upon review, we find no reversible error in the trial court's award of attorney's fees and the additional aforesaid expenses.

**{¶39}** Appellant's Fourth Assignment of Error is therefore overruled.

V.

**{¶40}** In their Fifth Assignment of Error, appellants contend the trial court erred in holding Landry's Restaurants liable for attorney's fees and the aforecited brokerage fee based on the two-year limitation language in the Guaranty. (See Assignment of Error III, supra.) We disagree.

**{¶41}** The basis of appellants' argument is its assertion that because the trial court "cut off" the guarantor liability as of November 30, 2008, no liability has been established for the attorney's fees and the brokerage fee, which did not arise until later.

However, because the attorney fees would invariably lag a default in such a scenario, we find no merit in appellants' claim. Furthermore, the brokerage fee in this case was incurred in July 2008 when the broker contract was signed. We additionally note appellants chose not to raise these arguments before the trial court, except for a brief reference in their trial brief. As a general rule, a litigant who has the opportunity to raise an issue in the trial court, but declines to do so, waives the right to raise that issue on appeal. See *Belvedere Condominiums Unit Owners' Ass'n v. R.E. Roark Cos., Inc.* (1993), 67 Ohio St.3d 274, 279, 617 N.E.2d 1075.

{¶42} Appellants' Fifth Assignment of Error is therefore overruled.

VI.

{¶43} In their Sixth Assignment of Error, appellants again contend the trial court erred in awarding attorney fees to appellee. We disagree.

{¶44} Section 14.10 of the Lease provides that in case suit is brought, " *** the losing party shall pay to the prevailing party all actual expenses incurred therefor, including reasonable attorney's fees and court costs."

{¶45} Appellants' argument essentially reasserts the claims in their First Assignment of Error and maintains accordingly that Appellee The Strip Delaware should not be the "prevailing party" to be compensated for attorney fees. However, based on our previous holdings herein, we find appellants' argument to be without merit.

{¶46} Appellants' Sixth Assignment of Error is overruled.

*The Strip Delaware's Cross-Appeal*

I.

**{¶47}** In its sole Assignment of Error on Cross-Appeal, Appellee Strip Delaware contends the trial court erred in utilizing November 2008 as a final limitation date for appellant's liability for base rent under the Guaranty. We agree.

**{¶48}** As noted previously, the default at issue occurred commencing April 15, 2008. The trial court inconsistently concluded that an earlier operational default (i.e., in November 2006) had legally started the clock as to certain monetary liabilities regarding the guarantor. The damages sought by appellee in the present lawsuit for breach were for a sum equal to 10 months and 29 days of damages (April 15, 2008 through March 13, 2009), plus costs and expenses. Having previously concluded that the Guaranty at issue constitutes a rolling guaranty, we hold there should not have been a November 2006 – November 2008 one-time limit on damages applicable to the Guaranty. The decision of the trial court in this regard must be reversed as to the time limit for the payment of rent, thus requiring a reassessment of the base rent damages to be paid by Appellant Landry's Restaurants as guarantor.

**{¶49}** For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Stark County, Ohio, is hereby affirmed in part, reversed in part, and remanded for a revision of base rent damages.

By: Wise, J.

Farmer, P. J., and

Delaney, J., concur.

_____

_____

_____

JUDGES

JWW/d 0719

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


THE STRIP DELAWARE, LLC            :
                                   :
    Plaintiff-Appellee             :
                                   :
-vs-                               :          JUDGMENT ENTRY
                                   :
LANDRY'S RESTAURANTS, INC., et al. :
                                   :
    Defendants-Appellants          :          Case No. 2010 CA 00316


For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed in part, reversed in part and remanded for further proceedings consistent with this opinion.

Costs to be split evenly among the parties.


_____


_____


_____

JUDGES