[Cite as *In re C.M.M. and J.L.M.*, 2016-Ohio-8244.]

COURT OF APPEALS
HOLMES COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |  |
|---|---|---|
| | | JUDGES: |
| IN THE MATTER OF: C.M.M. | : | Hon. W. Scott Gwin, P.J. |
| AND  J.L.M. | : | Hon. John W. Wise, J. |
| | : | Hon. Craig R. Baldwin, J. |
| | : | |
| | : | |
| | : | Case No. 16CA03 |
| | : | |
| | : | |
| | : | O P I N I O N |

CHARACTER OF PROCEEDING:      Civil appeal from from the Holmes County
Court of Common Pleas, Probate Division,
Case Nos. 15 NC 007 and 15 NC 008

JUDGMENT:      Affirmed

DATE OF JUDGMENT ENTRY:      December 16, 2016

APPEARANCES:

For: Appellees      For: Appellant

NORMAN MILLER, JR.      ROSANNE SHRINER
343 S. Crownhill Road      449 North Market Street
P.O. Box 149      Wooster, OH 44691
Orrville, OH 44667

*Gwin, P.J.*

{¶1}    Appellant appeals the January 29, 2016 judgment entry of the Holmes County Court of Common Pleas, Probate Division, granting the applications for name change filed by appellee.

*Facts & Procedural History*

{¶2}    On May 4, 2015, appellee Sharyl M. filed applications for name change for two minor children. Appellee is the paternal grandmother of the minor children and filed the applications seeking to change the name of C.M.B. to C.M.M. and J.L.B. to J.L.M. Appellant Amber G., the children's mother ("Mother"), objected to the applications, while the children's father, Andy M. ("Father"), consented to the applications.

{¶3}    The trial court held an evidentiary hearing on the applications on December 9, 2015. Mother testified she never agreed to change the last names of the minor children. Mother admits she signed Exhibit 1 in 2009 to allow Father to have his name placed on the children's birth certificates. However, Mother denies agreeing to the name change. Mother was not consulted when the children were enrolled in school with the last name M. Mother is opposed to the name change because: the last name B. has a strong heritage and the last name M. is not the best name because Father was in prison and the last name M. is known in drug rings. Mother admits not visiting the children for a period of eighteen months, but stated she talked to them on the phone and sent one card to them during that period of time. Mother testified J.B. is not writing the last name M. on her schoolwork.

{¶4}    On cross-examination, Mother testified she does not use the last name B. now, as it is her maiden name and she is married. Mother agrees Exhibit 2 states the last

names of the children would be changed to M., but Mother stated she did not agree to the name change. Mother testified she saw Exhibits 1 and 2 sometime in 2009 after they were filed in the custody case. Mother stated she realized in 2009 that the mediation report did not match what she thought the agreement was. However, she did not bring to the court's attention that there was a misunderstanding or mistake in the documents until appellee filed the name change applications. She testified she told her attorney the pleadings were wrong and asked the school to change the last names it was using for the children.

{¶5} Mother was aware the children had been using the name M. since at least 2011, but she did not file a protest to the use of the name. She agrees the captions for the case used the last name M. since 2011 and knows the court has been using the last name M. for the children since 2009 and the school has been using the last name of M. since 2011. Mother testified that Holmes County Child Support Enforcement Agency filed a contempt complaint against her and she believes her child support arrears total approximately $10,300. At the time of hearing, Mother had resumed paying child support for approximately six weeks.

{¶6} Father testified he believes the name change is in the best interest of the minor children. Further, that he thought he and Mother had agreed to the name change in 2009 during their mediation in the custody case. Father stated the children have gone by the last name of M. since 2009 and they are known by this last name at both home and at school. Father testified Exhibits 1 and 2 reflect his understanding of the agreement between him and Mother that his name would be on the birth certificates of the children

and that their last names would be changed to M.  Based on this understanding, he started calling the children by the last name M. in 2009.

{¶7}    Father testified he visits the children and they are close to his other children. Further, that it would have a negative impact on the minor children's relationship with their siblings if they went by the last name B., as opposed to M.  Father also stated he believes it would negatively impact the children to go back to the name B. because it is confusing and it is important to have the same name as their legal custodians since they live with their paternal grandparents.

{¶8}    On cross-exam, Father testified he was in prison from August of 2011 to 2013 and again from February 2014 to February 2015.  Father is in arrears with his child support in the amount of approximately $2,000.  When asked why it is in the best interest for the trial court to grant the name change, Father stated:  it was his understanding he and Mother agreed to this in 2009; the children have been called the last name M. since 2009; their friends at school know them as having the last name M.; and they reside in the M. home.

{¶9}    Sharyl M. testified the children reside with her and use the last name M. They have used the last name M. since 2009 because she and her family understood they had a name change in 2009. The children go by that name in school.  Sharyl stated Mother did not have contact with the children for well over a year and did not send the children letters or cards.  Sharyl testified Mother is in child support arrears of over $10,000.  Sharyl stated Mother does not use the last name B., the name she wants the children to have.

{¶10} On cross-examination, Sharyl testified she was granted custody of the children in 2011. Further, that J.B. did not stop writing the name M. on her papers until Mother re-established contact with her.

{¶11} Appellee moved to admit her exhibits. Mother did not object to the admission of the exhibits. Exhibit 1 is the August 4, 2009 mediation agreement, signed by both Father and Mother, in which Mother agreed to let Father have his name on the birth certificates. Exhibit 2 is the August 9, 2009 mediation report signed by the mediator, but not by Father or Mother, which provides that, "the parties are in agreement that the children's birth certificates be changed to reflect the identity of their Father and that their last name be changed to M."

{¶12} During the evidentiary hearing, Mother requested the court interview the children. The trial court granted the request and interviewed the children in-camera after finding they had sufficient reasoning ability to express their wishes as to the proposed name change.

{¶13} The trial court issued a judgment entry on January 29, 2016 and went through the factors contained in *In re Willhite*, 85 Ohio St.3d 28, 1999-Ohio-201, 706 N.E.2d 778. As to the effect of the proposed name change on the preservation and development of the children's relationship with each parent, the trial court found as to Father, it would have little or no effect since Father lives close to his parents and has some relationship with the children. The trial court also found the name change would have no effect on the development of the children's relationship with Mother, as she had no physical contact for over a year and began regular contact in May of 2015. The trial court found it was difficult to determine whether the children identify as part of Mother's

family unit due to her previous absence. However, the children have had ample opportunity to identify as part of the family unit of their paternal grandparents since they have been in their legal custody in October of 2011. The trial court noted the children have been using the last name M. since 2009 and that the court considered the preferences of the children after conducting an in-camera interview.

{¶14} With regards to whether the surname is different from the residential parent, the trial court found that though the children don't live with either parent, the proposed surname would be the same as their residential parents. The trial court found no embarrassment, discomfort, or inconvenience with the name change. As to parental failure to maintain contact and support, the trial court found both parents failed to contact and support the children. Both parents have child support arrearages. Father was absent from the children's lives because of his poor decisions as he was in prison from August of 2011 to 2013 and again from February 2014 to February 2015.

{¶15} The trial court also stated it considered other relevant factors. The trial court noted Exhibits 1 and 2 and the testimony of Father and Sharyl M. that they used the last name M. after 2009 because they thought the issue was decided. Further, that Mother admitted she was aware since 2009 that the last name M. was being used with regard to both children and she did not object to the name being used until appellee filed the name change applications. The trial court found Mother's testimony about why she never challenged the use of the last name M. not credible as her testimony was inconsistent with the facts. The trial court files do not indicate a problem with the service of the mediation agreement and report. The trial court found that between 2009 and 2015,

Mother took no significant action to address the issue or present her concerns and only objected when the applications were filed.

**{¶16}** After considering all the factors as required by *Wilhite*, the trial court found the name change was in the best interest of the children and thus granted appellee's applications for name change.

**{¶17}** Mother appeals the January 29, 2016 judgment entry of the Holmes County Court of Common Pleas, Probate Division, and assigns the following as error:

**{¶18}** "I. THE TRIAL COURT ABUSED ITS DISCRETION BY FINDING THAT THE FACTS IN THE APPLICATION SHOW REASONABLE AND PROPER CAUSE FOR THE SURNAME OF THE MINOR CHILDREN HEREIN TO BE CHANGED TO M."

I.

**{¶19}** In her sole assignment of error, Mother argues the trial court abused its discretion in granting appellee's applications to change the children's names from C.M.B. to C.M.M. and J.L.B. to J.L.M.

**{¶20}** R.C. 2717.01 grants the authority for a probate court to make name changes on behalf of a minor child. The standard for deciding whether to permit a name change is "proof that * * * the facts set forth in the application show reasonable and proper cause for changing the name of the applicant." R.C. 2717.01(A); *In re Willhite*, 85 Ohio St.3d 29, 1999-Ohio-201, 706 N.E.2d 778. In determining whether a reasonable and proper cause for a name change has been established, a court must consider the best interest of the child. *Id.* A probate court's determination of whether a proposed name change should be granted will only be reversed if it constitutes an abuse of discretion. *Id.* A reviewing court may not substitute its own judgment for that of the trial court. *Id.* An

abuse of discretion "connotes more than error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable." *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983).

{¶21} In determining the best interest of the child, the trial court should consider the following factors: (1) the effect of the change on the preservation and development of the child's relationship with each parent; (2) the identification of the child as part of a family unit; (3) the length of time that the child has been using a surname; (4) the preference of the child if the child is of sufficient maturity to express a meaningful preference; (5) whether the child's surname is different from the surname of the child's residential parent; (6) the embarrassment, discomfort, or inconvenience that may result when a child bears a surname different from the residential parent's; (7) parental failure to maintain contact with and support of the child; and (8) any other factor relevant to the child's best interest. *In re Willhite*, 85 Ohio St.3d 28, 1999-Ohio-201, 706 N.E.2d 778.

{¶22} If the probate court has considered the appropriate factors, we will not substitute our judgment for its judgment absent an abuse of discretion. *Id.* In this case, the trial court held an evidentiary hearing and conducted a review of the applications following Mother's objection. The trial court specifically stated it went through the necessary factors in *Willhite* and determined it is in the best interest of the children to change their surname.

{¶23} Upon review of the record, we find the trial court duly considered the relevant factors, and there was evidence presented to support the trial court's determination such that the trial court's decision was not unreasonable, arbitrary, or unconscionable.

**{¶24}** The name change would have little effect on the preservation and development of the children's relationship with Mother as, prior to April or May of 2015, Mother had no physical contact with the children for at least one year. The children identify as part of the paternal grandparents' family unit as they have been in their legal custody since 2011. It is unclear whether the children are part of Mother's family unit due to her prolonged absence. The children have used the surname at home and at school since 2009. The trial court stated it considered the wishes of the children after conducting an in-camera interview with them. Since the children do not live with either parent and their paternal grandparents have custody of them, they would have the same last name as their legal custodians, who they have lived with since 2011. Further, as testified to by Mother, she herself does not use the last name B. Both parents have child support arrearages, with Mother's being over $10,000 and Father's being approximately $2,000. Father failed to maintain contact due to his imprisonment for several years. Mother did not visit the children for a period of over one year and only resumed paying child support several weeks prior to the name change hearing.

**{¶25}** The trial court noted as additional factors in its decision on best interest the testimony and contents surrounding Exhibits 1 and 2, and Mother's failure to take action from 2009 to 2015 to address her concerns regarding the use of the name and her concerns about what she said was an incorrect clause in the mediation report. Exhibit 2, the 2009 mediation report signed by the mediator, specifically provides that Mother and Father were in agreement that the children's last names be changed to M. Mother testified she saw this mediation report in 2009 and it did not match what she thought the agreement was, but she did not bring this to the trial court's attention until the name

change applications were filed.  Father and Sharyl testified they used the name M. since 2009 since they thought the issued was decided in the 2009 case.  Mother testified she did not challenge the use of the M. name because she was fighting for custody and could not afford it.  The trial court did not find this testimony credible as her testimony was inconsistent with the facts.  The trial court is "best able to view the witnesses and observe their demeanor, gestures, and voice inflections, and use these observations in weighing the credibility of the proffered testimony." *Seasons Coal Co. v. Cleveland*, 10 Ohio St.3d 77, 461 N.E.2d 1273 (1984).

{¶26} Mother argues in her appellate brief that Exhibit 2 should not have been considered because it is hearsay.  However, Mother did not object to the admission of Exhibit 2 during the evidentiary hearing and also failed to object to Exhibit 2 or raise the issue of hearsay during the questioning of Mother and/or Father about this exhibit.  A litigant who has the opportunity to raise an issue in the trial court, but declines to do so, waives the right to raise that issue on appeal.  *Strip Delaware L.L.C. v. Landry's Restaurants, Inc.*, 5th Dist. Stark No. 2010 CA 00316, 2011-Ohio-4075.

{¶27} Based on the foregoing, we find the trial court did not abuse its discretion in granting appellee's applications for change of name for the two minor children. Mother's assignment of error is overruled. The January 29, 2016 judgment entry of the Holmes County Court of Common Pleas, Probate Division, is affirmed.

By Gwin, P.J.,

Wise, J., and

Baldwin, J., concur