[Cite as *Alsup v. Alsup*, 2026-Ohio-233.]

COURT OF APPEALS
MORGAN COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| TRACI DONN ALSUP, | Case No. 25AP0002 |
| Petitioner - Appellee | <u>Opinion And Judgment Entry</u> |
| -vs- | Appeal from the Morgan County Court of Common Pleas, Case No. 25 DV 0127 |
| MATTHEW RAZEN ALSUP, | Judgment:   Affirmed |
| Respondent - Appellant | Date of Judgment Entry: January 23, 2026 |

**BEFORE:** Craig R Baldwin; William B. Hoffman; David M. Gormley, Judges

**APPEARANCES:** CHRISTOPHER L. TROLINGER, for Petitioner-Appellee; SHOSHANNA M. BROOKER, for Respondent-Appellant.

*Baldwin, P.J.*

**STATEMENT OF FACTS AND THE CASE**

{¶1}    The appellee, Traci Donn Alsup, filed a Petition for Domestic Violence Civil Protection Order (DVCPO) pursuant to R.C. 3113.31 against the appellant, husband Matthew Razen Alsup, on June 16, 2025. The appellee attached to her Petition a hand-written account of the appellant's alleged actions giving rise to her Petition. The trial court granted an Ex Parte DVCPO the same day, and scheduled the matter for a full hearing on June 30, 2025.

{¶2}    Deputy sheriffs personally served the DVCPO upon the appellant on June 16, 2025. The appellant retained counsel, who filed a Notice of Appearance and a Motion

to Continue the June 30, 2025, hearing due to a scheduling conflict. Due to time constraints and distance, the appellant's counsel submitted the Notice and Motion, together with a proposed Entry Granting Continuance, via e-mail. The Notice and Motion were time-stamped June 25, 2025. On July 1, 2025, the trial court issued an Entry Granting Continuance and rescheduled the full hearing for July 9, 2025. The appellant concedes that the file-stamped documents were returned to his counsel via e-mail, stating that "[u]nbeknownst to Attorney Brooker the email included the signed Entry continuing the full hearing to July 9, 2025, at 8:00 a.m." The appellant does not deny that his counsel received the Entry; but rather, that "the email message contained no language indicating that the continuance entry was included…".

{¶3} The full DVCPO hearing proceeded on July 9, 2025. Neither the appellant nor his counsel attended. The trial court issued Domestic Violence Civil Protection Order (CPO) Full Hearing (R.C. 3113.31) on July 9, 2025.

{¶4} On July 25, 2025, the appellant filed a Motion for Relief from Judgment and to Vacate Order to which he attached as an exhibit a photocopy of the July 1, 2025, email received by his attorney. Said July 1, 2025, email clearly shows three time-stamped documents attached at the bottom of the email with the full caption of each visible: the first attachment was the Entry of Continuance; the second was the Motion to Continue; and, the third was the Notice of Appearance of Counsel. The trial court denied the appellant's Motion on August 4, 2025.

{¶5} The appellant filed a timely appeal in which he sets forth the following two assignments of error:

**{¶6}** "I. THE TRIAL COURT ERRED IN CONDUCTING A FULL HEARING AND ISSUING A FINAL DOMESTIC VIOLENCE CIVIL PROTECTION ORDER WITHOUT PROVIDING APPELLANT PROPER NOTICE UNDER CIV.R. 5 AND CIV.R. 6, THEREBY VIOLATING APPELLANT'S DUE PROCESS RIGHTS."

**{¶7}** "II. THE TRIAL COURT ERRED BY PROCEEDING ON A PETITION THAT FAILED TO STATE ANY SPECIFIC RELIEF SOUGHT OR FACTUAL ALLEGATIONS, THEREBY DEPRIVING APPELLANT OF FAIR NOTICE OF THE CLAIMS AND ISSUES TO BE DEFENDED."

**{¶8}** For the reasons set forth below, we affirm the decision of the trial court.

## STANDARD OF REVIEW

**{¶9}** We review whether the trial court properly notified the appellant of the continuance under an abuse of discretion standard. See, *Huntington Nat'l Bank v. Payson*, 2015-Ohio-1976, ¶ 32 (2nd Dist.); and, *Sears v. Kuhn*, 2022-Ohio-2898, ¶15 (4th Dist.) ("However, '[a] reviewing court will not disturb a trial court's finding regarding whether service was proper unless the trial court abused its discretion.'") The decision regarding whether to grant a civil protection order also lies within the sound discretion of the trial court. *L.L. v. R.B.,* 2017-Ohio-7553, ¶21 (5th Dist.); *Singhaus v. Zumbar*, 2015-Ohio-4755, ¶22 (5th Dist.).

**{¶10}** In order to find an abuse of discretion, we must determine that the trial court's decision was unreasonable, arbitrary, or unconscionable, and not merely an error of law or judgment. *Blakemore v. Blakemore,* 5 Ohio St.3d 217 (1983). ". . . Most instances of an abuse of discretion result in decisions that are unreasonable, as opposed to arbitrary and capricious. *AAAA Enterprises, Inc. v. River Place Community Urban Redevelopment*

*Corp.*, 50 Ohio St.3d 157, 161 (1990). A decision that is unreasonable is one that has no sound reasoning process to support it. Id." *Bank One, NA v. Ray*, 2005-Ohio-3277, ¶ 15 (10th Dist.).

## ANALYSIS

### *Assignment of Error No. I*

{¶11} The appellant argues in his first assignment of error that the trial court erred in conducting the full DVCPO hearing because the trial court did not provide proper notice of the hearing. We disagree.

{¶12} There is no dispute that the appellant received initial notice of the full hearing scheduled for June 30, 2025, via personal service by the sheriff on June 16, 2025. Indeed, the appellant retained counsel, who filed a Motion to Continue the hearing due to a scheduling conflict. The appellant's counsel also filed a Notice of Appearance of Counsel, in which her email address was provided. In addition, the appellant's counsel filed the Notice of Appearance, as well as the  Motion to Continue the June 30, 2025, hearing and a proposed Entry Granting Continuance, via e-mail.

{¶13} Civ.R. 65.1(C) addresses the issue of service in the context of Civil Protection Orders, and states in pertinent part:

> (2) **Initial service.** Initial service, and service of any ex parte protection order that is entered, shall be made in accordance with the provisions for personal service of process within the state under Civ.R. 4.1 (B) or outside the state under Civ.R. 4.3 (B)(2). Upon failure of such personal service, or in addition to such personal service, service may be

made in accordance with any applicable provision of Civ.R. 4 through Civ. R 4.6.

**(3) Subsequent service.** After service has been made in accordance with division (C)(2) of this rule, any additional service required to be made during the course of the proceedings on Respondent and, if applicable, on the parent, guardian, or legal custodian of Respondent, shall be made in accordance with the provisions of Civ.R. 5(B).

{¶14} Civ.R. 5 addresses Service and Filing of Pleadings and Other Papers Subsequent to the Original Complaint, and states at subsection (B):

**(B) Service: how made**

(1) Serving a party; serving an attorney

Whenever a party is not represented by an attorney, service under this rule shall be made upon the party. If a party is represented by an attorney, service under this rule shall be made on the attorney unless the court orders service on the party. Whenever an attorney has filed a notice of limited appearance pursuant to Civ.R. 3(B), service shall be made upon both that attorney and the party in connection with the proceedings for which the attorney has filed a notice of limited appearance.

(2) Service in general

A document is served under this rule by:

(a) Handing it to the person;

(b) Leaving it:

      (i)     At the person's office with a clerk or other person in charge or, if no one is in charge, in a conspicuous place in the office; or

      (ii)     If the person has no office or the office is closed, at the person's dwelling or usual place of abode with someone of suitable age and discretion who resides there;

(c)     Mailing it to the person's last known address by United States mail, in which event service is complete upon mailing;

(d)     Delivering it to a commercial carrier service for delivery to the person's last known address within three calendar days, in which event service is complete upon delivery to the carrier;

(e)     Leaving it with the clerk of court if the person has no known address; or

(f)     Sending it by electronic means to a facsimile number or e-mail address provided in accordance with Civ.R. 11 by the attorney or party to be served, or, if mutually agreed in writing by all counsel and unrepresented parties, any other electronic media platform(s), in which event service is complete upon

transmission, but is not effective if the serving party learns that it did not reach the person served.

**{¶15}** The appellant does not dispute that his counsel received the email from the clerk of courts to which time-stamped copies of the Entry Granting Continuance, Motion for Continuance, and Notice of Appearance of Counsel were attached. In fact, the appellant attached the email to his Motion for Relief from Judgment and to Vacate Order. The email message from the clerk of courts states "Good Afternoon! I have attached your filed [sic] stamped pleadings. Have a great evening!", and clearly shows three documents attached at the bottom of the message, with the full caption and name of each document visible. The appellant does not deny that his counsel received the email; instead, he argues that he did not receive proper notice of the full hearing because his counsel did not see and/or review the documents attached to the email message, that he did not consent to service by email, and that he should have received additional notice pursuant to Civil Rule 5. This argument is unpersuasive.

**{¶16}** The Petition for DVCPO was served upon the appellant via personal service by the county sheriff pursuant to Civ.R. 65.1(C)(2). Subsequent service is governed by Civ.R. 65.1(C)(3), which states that "[a]fter service has been made in accordance with division (C)(2) of this rule, any additional service required to be made during the course of the proceedings on Respondent and, if applicable, on the parent, guardian, or legal custodian of Respondent, shall be made in accordance with the provisions of Civ.R. 5(B)."

**{¶17}** Civ.R. 5(B)(2)(f) provides that a document may be properly served under the rule by "[s]ending it by electronic means to a facsimile number or e-mail address provided in accordance with Civ.R. 11 by the attorney…." The appellant's counsel filed

the Notice of Appearance of Counsel and Motion to Continue on which her email address was listed. In addition, appellant's counsel submitted the Notice, Motion, and proposed Entry Granting Continuance to the court via email. The clerk of courts provided the appellant's counsel with time-stamped copies of the Notice, Motion, and Entry Granting Continuance via the same method utilized by appellant's counsel – that is, via email. Furthermore, appellant's counsel does not dispute that she received the email, which clearly had three documents attached. She simply failed to actually look at the documents. Had she done so, she would have seen the Entry, that she herself drafted and submitted to the court, which contained the new July 9, 2025, full hearing date.

{¶18} We find that service of the Entry Granting Continuance containing the new date for the full DVCPO hearing was proper, and the trial court did not abuse its discretion in proceeding with the hearing. Accordingly, we find the appellant's first assignment of error to be without merit.

### Assignment of Error No. II

{¶19} The appellant argues in his second assignment of error that the appellee's Petition for DVCPO was legally deficient and as a result should have been denied. We disagree.

{¶20} The appellant submits that the appellee's Petition for DVCPO failed to set forth specific factual allegations and specific relief sought, was fatally defective as a result, and therefore should have been denied. Our review of the record, however, reveals that the appellant failed to present this argument to the trial court. It is axiomatic that a party may not set forth an argument for the first time on appeal.

**{¶21}** This Court addressed the presentation of an argument for the first time on appeal in *Kennedy v. Green*, 2019-Ohio-854 (5th Dist.):

> . . . A party cannot assert new arguments for the first time on appeal. *Stores Realty Co. v. Cleveland*, 322 N.E.2d 629, 41 Ohio St. 2d 41 (1975). As a general rule, a litigant who has the opportunity to raise an issue in the trial court, but declines to do so, waives the right to raise that issue on appeal. *The Strip Delaware, LLC v. Landry's Restaurants, Inc.*, 5th Dist. No. 2010CA00316, 2011-Ohio-4075. Since Appellant failed to make such argument to the trial court, this Court will not review these issues on appeal. *May v. Westfield Vill. L.P.*, 5th Dist. No. 02-COA-051, 2003-Ohio-5023, citing *Lippy v. Society Nat'l Bank*, 88 Ohio App.3d 33, 623 N.E.2d 108 (1993).

*Id.* at ¶35. See, also, *Stottlemyer Hydromulching, Inc. v. Dearlove*, 2015-Ohio-750, ¶31 (5th Dist.) ("… Further, as to appellees' argument that there is no Civil Rule 56 evidence to support appellant's motion, a party cannot assert new arguments for the first time on appeal and, a litigant who had the opportunity to raise an issue in the trial court, but declines to do so, waives the right to raise that issue on appeal.") Since the appellant failed to make the allegedly defective petition argument to the trial court, this Court will not review the issue on appeal.

**{¶22}** Assuming, arguendo, that this argument is properly before the Court, it still fails. The appellee's Petition contained a two-page handwritten attachment in which the appellee set forth the reasons why she was seeking the DVCPO, including: the appellant's verbal and physical abuse of the appellee's autistic and epileptic daughter;

the appellant's verbal abuse of the appellee; the appellant's refusal to allow the appellee to get out of bed and forcing her to have sex with him; the appellant's isolation of the appellee from her family; the appellant's exertion of control over money; and, the appellant's physical abuse of the appellee following a past surgery in which he held a washcloth over her mouth when the nurses were out of the room, rendering her unable to breathe. The appellee also stated that she was afraid of the appellant because she had an upcoming surgery and he was refusing to allow the appellee's mother to be present.

**{¶23}** The appellant failed to provide this Court with a transcript of the full hearing. As such, we must accept the trial court's findings set forth in its July 9, 2025, DVCPO that the appellant "has been controlling physically and financially," and that there have been "multiple threats made and abuse testified to" by the appellee. We find that the trial court did not act unreasonably, arbitrarily, or unconscionably when it issued the appellee's requested DVCPO following the full hearing. As such, we find the appellant's second assignment of error to be without merit.

## CONCLUSION

{¶24}  Based upon the foregoing, we overrule the appellant's assignments of error numbers one and two, and affirm the decision of the Morgan County Court of Common Pleas.

{¶25}  Costs to appellant.

By: Baldwin, P.J.

Hoffman, J. and

Gormley, J. concur.